Submitted October 2, affirmed November 13, petition for rehearing denied November 21, 1973, petition for review denied March 5, 1974

BLONDELL, *Petitioner, v.* JURAS, *Respondent.*

515 P2d 727

Ralph Le Velle Blondell, Portland, pro se, petitioner.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

322

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Petitioner appeals from the part of a hearing officer's order which holds that petitioner may not deduct from his total income used to determine food stamp eligibility such sums as he has repaid in the income period on a former student loan.

The facts are: Petitioner is a university student who is partially supported by a 1973 student loan. He has a wife and three children in his household. In 1970 his wife received a student loan in Kansas. Petitioner must currently make small monthly repayments on that loan. He has welfare eligibility and has applied for food stamps from the Oregon Public Welfare Division.

ORS 411.816 requires that regulations on this subject adopted by the state shall conform to federal laws and regulations. Indeed, 7 USC §§ 2011-2025 (1971) requires that the state comply with the federal regulations if it is to receive food stamps for its welfare recipients.

The pertinent federal regulation is 7 CFR 271.3. It first requires in determining eligibility for food stamps that all persons in a household be consolidated into a group. Then follows:

"[271.3] (c) * * *

"(1) *Definition of income* * * *:

"(i) Income shall mean any of the following * * *:

"* * * * *

"(k) Scholarships, educational grants (including loans on which repayment is deferred until completion of the recipient's education) * * *

"* * * * * *

"(ii) The following shall not be considered income * * * :

"* * * * * *

"(g) All loans, except loans on which repayment is deferred until completion of the recipient's education.

"(iii) Deductions for the following household expenses shall be made:

"[None for former loan repayments are specified.]"

Petitioner contends that, if his income from a student loan is counted as income, it is unjust that his payments on his wife's former loan not be deducted. As the hearing officer noted, this seems logical enough. But the federal regulation does not allow it. Petitioner says this denies him due process and equal protection of the law, and the state should not allow federal bureaucratic regulations to deny him those constitutional rights.

■ Petitioner has had due process by reason of his hearing by the agency. In *Goldberg v. Kelly,* 397 US 254, 90 S Ct 1011, 25 L Ed 2d 287 (1970), the United States Supreme Court held that the welfare recipient is entitled in such cases to confront and cross-examine witnesses, to retain an attorney if desired, and to present oral evidence to an impartial decision-maker whose decision must rest solely on the legal rules and evidence adduced at the hearing. Our perusal of the record shows these requisites were adequately fulfilled.

■ With reference to the equal protection of law

argument, it may well be that, if the drafter of the regulations had thought of it, a deduction from income of current payments on any household member's former student loans would have been provided for in a situation like that at bar. However, we cannot say that the classification made is unreasonable. It may well be that it was thought encouragement should not be given for several student loans over an extended period of time to several persons in one household because the household would be assuming more financial burden than it ever could handle. Such reasoning may be called reasonable and not arbitrary.

Affirmed.