Linda **RICHMAN** et al., Plaintiffs,

v.

Andrew **JURAS**, Individually and in his capacity as Administrator of the Public Welfare Division of the State of Oregon, et al., Defendants.

Civ. No. 74–918.

United States District Court, D. Oregon.

April 29, 1975.

James K. Kocher, William E. Simons, Lane County Legal Aid Service, Inc., Eugene, Or., for plaintiffs.

Lee Johnson, Atty. Gen., Kathryn V. Kelty, Asst. Atty. Gen., Salem, Or., for defendants.

Before KILKENNY, Circuit Judge, and EAST and SKOPIL, District Judges.

## OPINION

Plaintiffs, welfare recipients, seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 1983 on behalf of themselves and all others similarly situated against the Oregon Public Welfare Division, its Administrator, the Oregon Department of Human Resources, and its Director. Jurisdiction is conferred by 28 U.S.C. § 1343(3) and (4).

Plaintiffs stipulated at the hearing that they seek only prospective relief. They agreed that any decision we reached regarding the bulletin would have virtually the same effect as a class action. Hence, they did not press their claim for class action certification. Accordingly, we do not certify this action as a class action.

Plaintiffs contend that Executive Bulletin 71–67 issued by the Oregon Public Welfare Division is unconstitutional because it denies plaintiffs equal protection of the law as guaranteed by the Fourteenth Amendment. Plaintiffs also contend that Bulletin 71–67 violates the Supremacy Clause because it is inconsistent with regulations issued by the Department of Health, Education and Welfare.

■ Since plaintiffs claim that a statewide regulation violates the Equal Protection Clause, a three-judge court convened pursuant to 28 U.S.C. § 2281 and § 2284. We take jurisdiction over the statutory claim because it "derives from a common nucleus of operative fact" with the constitutional claim. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The parties have entered into extensive stipulations. No material facts are disputed.

Executive Bulletin 71–67 indicates how the state considers loan and scholarship funds received by students on public assistance. Loans or scholarships administered by the U. S. Commissioner of Education are not considered in determining the student's welfare eligibility or need. All other loan and scholarship funds received by the student which are not used for designated educational expenses are considered available income, thereby reducing his need for public assistance.

For example, if one's tuition and fee expenses were $1,200 per year and she received a $1,000 federal loan and a $500 state scholarship, she would first reduce her educational expenses by the $1,000, leaving $200 owed. Then she would apply her $500 state scholarship, leaving a $300 excess. This excess is considered available income, reducing her public assistance need.

Plaintiff Linda Richman has three children. She attends the University of Oregon. She receives $312 in Aid to Dependent Children (ADC) payments. She pays $59 per month for $154 in food stamps. In 1974–75 she received a $1,000 National Defense Education Act federal loan (NDEA), a $504 federal Basic Educational Opportunity Grant (BEOG), and a $500 Oregon State Scholarship (OSSC)—a total of $2,000 in aid. Her actual educational expenses are $800. She received a payment of $166 for her OSSC scholarship for the fall semester. Consequently the Welfare Board asked her to repay $165 in excess ADC payments. The Board considered the $166 payment as available for current use because her federal funds easily covered her tuition and fees. She is attempting to convert her OSSC scholarship into an exempt federal BEOG grant under Bulletin 71–67.

Plaintiffs Glaspey and Kaping receive similar ADC-food stamp aid packages. They attend Lane County Community College. In 1973–74 they received a $300 federal NDEA loan, a $750 BEOG grant, and a $500 OSSC scholarship. In 1974–75 they received an $800 NDEA loan and an $800 federal Supplementary Opportunity Grant. The Lane Financial Aid Office informed them that they would not receive an OSSC grant because this grant would only reduce their

ADC benefits. Their total aid is $1,600 each. Actual educational expenses are $450.

## CONCLUSIONS OF LAW

### 1) *Statutory Claim*

 State welfare regulations violate the Supremacy Clause if they conflict with federal laws and regulations. Townsend v. Swank, 404 U.S. 282, 92 S. Ct. 502, 30 L.Ed.2d 448 (1971).

Plaintiffs claim Executive Bulletin 71–67 conflicts with 45 C.F.R. 233.-20(a)(4)(ii)(d), which requires a state plan to disregard as income and resources any grant or loan to any undergraduate student for educational purposes made or insured under any programs administered by the Commissioner of Education.

Plaintiffs claim that this regulation requires the state to compare the recipient's non-federal loan and scholarship funds with his actual educational expenses. Any excess over expenses would reduce the recipient's ADC needs. Plaintiffs claim that the state can neither consider federal loans and scholarships as income nor apply these funds to tuition and fees expenses.

The Public Welfare Board does not treat federal loans and scholarships as income. The Board first compares these federal funds and the recipient's actual educational expenses. State loans and scholarships are then applied to any remaining educational expenses. Any state funds not used for tuition and fees are considered income, reducing the recipient's ADC needs.

The Board contends this reading of 233.20(a)(4)(ii)(d) is mandated by 45 C.F.R. 233.20(a)(3)(IV)(b), which requires the state to disregard "loans and grants, such as scholarships, obtained and used under conditions that preclude their use for current living costs". We agree.

 If federal funds more than cover the cost of tuition and fees, then nothing precludes a recipient from using his OSSC scholarship money for current living costs.

The above regulations are based on 42 U.S.C. § 1382a(b)(7), which excludes from a recipient's income

" . . . any portion of any grant, scholarship, or fellowship received for use in paying the cost of tuition and fees at any educational (including technical or vocational education) institution;"

The statute and its legislative history (see 1972 U.S.Code Cong. & Admin. News, Vol. 3, pp. 5164, 5321) indicate that Congress exempted from consideration as income only scholarship and loan funds actually used to pay tuition and fees. The HEW Regulation, which also exempts any funds administered by the Commissioner of Education, provides an additional exception to the statute. The regulation helps provide for additional educational expenses which may not be covered by tuition and fees. However, no regulation requires the state to pretend that these federal monies are not also used to pay tuition and fees. The state may not violate Regulation 233.20 (a)(3)(IV)(b) by ignoring as income state loans and scholarships which are available to be used in meeting current living expenses.

Executive Bulletin 71–67 complies with Regulation 233.20(a)(4)(ii)(d) by not considering as income federal loans and scholarships.

### 2) *Constitutional Claim*

Plaintiffs contend that Executive Bulletin 71–67 is unconstitutional because it creates two classes—federally administered scholarship and loan funds versus all other scholarship and loan funds received by welfare recipients. Plaintiffs contend this funding distinction has no rational basis and denies them equal protection of the law.

Defendants contend that the bulletin affects only one class equally—welfare recipients. They also contend that by disregarding federal funds as income,

plaintiffs are receiving favorable treatment as an incentive to obtain an education.

■ We find no invidious discrimination. The bulletin correctly interprets federal regulations which guide the state in allocating limited financial resources to the needy. If state loans and scholarships are available to meet current living expenses, then it is hardly irrational for the state to consider them available for current living expenses. Nor is it irrational to disregard federal funds which may be available to meet current living expenses in order to provide additional exempt educational funds for welfare recipients. The bulletin does not violate the Equal Protection Clause.

This Opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

Judgment shall be entered for the defendants.