Argued July 23, affirmed September 10, 1975

ANTHONY, *Petitioner, v.* PUBLIC WELFARE
DIVISION, *Respondent.*

539 P2d 1137

*Jan Perkins,* Klamath County Legal Services, Inc.,
Klamath Falls, argued the cause and filed the brief
for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, ar-
gued the cause for respondent. With him on the brief
were Lee Johnson, Attorney General, and W. Michael
Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and
Foley, Judges.

SCHWAB, C. J.

Claimant appeals from an order of a hearing offi-

cer of the Public Welfare Division that had the effect of reducing the ADC-UN (Aid to Dependent Children —Unemployed Father) welfare grant his family receives. The question before the hearing officer was whether certain educational benefits claimant receives should be calculated as part of family income for purposes of determining the amount of the family's ADC-UN grant.

Claimant is receiving educational benefits from the Veterans Administration pursuant to 38 USC § 1502 (1971), which provides for vocational rehabilitation of certain disabled veterans. Some of these benefits are in the form of direct payments from the Veterans Administration to the school claimant attends and are for tuition, books, etc. These direct payments are not here in issue. The Veterans Administration also pays petitioner a "maintenance allowance" of, as best we understand the record, $386 per month. The Public Welfare Division allows petitioner a "training allowance" deduction of $30 per month, see, *Lakeside et al v. Public Welfare Division,* 22 Or App 392, 539 P2d 1132 (1975), and treats the balance of $356 per month as income to claimant's family. Claimant objects to this determination.

The relevant regulations provide:

"A State Plan for * * * AFDC * * * must * * * [p]rovide that, in establishing financial eligibility and the amount of the assistance payment * * * only such net income as is actually available for current use on a regular basis will be considered * * *." 45 CFR § 233.20(a)(3)(ii)(c) (1974).

"A State Plan for * * * AFDC * * * must * * * [p]rovide that, in determining the availability of income and resources, the following will not be included as income: * * * loans and grants, such as scholarships, obtained and used under conditions that preclude their use for current living costs * * *." 45 CFR § 233.20(a)(3)(iv)(b) (1974).

All of the evidence in the present limited record indicates that claimant's maintenance allowance is income "actually available for current use," 45 CFR § 233.20(a)(3)(ii)(c), rather than a scholarship that could not be "use[d] for current living costs," 45 CFR § 233.20(a)(3)(iv)(b). The Veterans Administration apparently pays claimant's essential educational expenses, such as tuition and books, directly to his school. As the very term implies, the additional maintenance allowance seems designed to subsidize claimant's living expenses while attending school. Of course, claimant has certain expenses that arise because of his course of study, such as transportation to school, that he presumably pays out of his maintenance allowance. But the $30 per month training allowance deduction claimant is allowed is designed to cover these incidental educational costs. *Lakeside et al v. Public Welfare Division,* supra.

Claimant argues the above-quoted regulations conflict with the statement of policy in 42 USC § 601 (1971). As in *Lakeside et al v. Public Welfare Division,* supra, we find no conflict between the specific regulations and a very general statutory statement of policy. Claimant argues the regulations are unconstitutional. We perceive no constitutional infirmity. *See, Richman v. Juras,* 393 F Supp 349 (D Or 1975); *Western Mercantile v. Froats,* 21 Or App 703, 536 P2d 549 (1975); *Blondell v. Juras,* 15 Or App 321, 515 P2d 727 (1973), Sup Ct *review denied, cert denied,* 419 US 866 (1974).

Affirmed.