In the Matter of CASSANDRA LUMPKIN, on Behalf of Herself and All Other Persons Similarly Situated, Respondent, v DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEW YORK et al., Appellants.

Third Department, December 8, 1977

## APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Clifford A. Royael* and *Jean M. Coon* of counsel), for Department of Social Services of the State of New York, appellant.

*Stanley Walker, Jr.,* for John J. Fahey and another, appellants.

*Harvey & Harvey (Jonathan Harvey* of counsel), for respondent.

## OPINION OF THE COURT

LARKIN, J.

Petitioner attended Albany Business College through the spring semester of 1976, during which time she was receiving

Aid to Families with Dependent Children (AFDC). For the 1976 spring semester petitioner, with educational expenses of $925, received a Federal Basic Educational Opportunity Grant (BEOG) of $700 and a State Tuition Assistance Program (TAP) award of $750. In April, 1976 the Albany County Department of Social Services reduced the petitioner's AFDC grant by budgeting as income a portion of the TAP grant received for the 1976 spring semester. The State Commissioner of Social Services, by a fair hearing decision dated August 6, 1976, ruled that the agency had properly found that $525 of petitioner's TAP grant should be budgeted as income in figuring her AFDC grant because all of her educational expenses had been met by the $700 BEOG grant plus $225 of the TAP award.

■ Special Term, in annulling the commissioner's determination, relied principally upon the New York State regulation set forth in 18 NYCRR 352.16 (c) which provides:

"(1) No part of a scholarship, grant or other such income that is necessary to cover the cost of necessary or essential school expenses (e.g., tuition, books, fees, equipment, special clothing needs, transportation to and from school, and child-care services necessary for school attendance), and is actually so used, shall be considered as income in determining need and amount of assistance.

"(2) No grant or loan to an undergraduate student for educational purposes made or insured under any program administered by the United States Commissioner of Education shall be considered as income or resources in determining need and amount of assistance."

The decision stated that the "clear command" of this regulation is that BEOG moneys should not be applied against educational expenses in determining whether a portion of a TAP award can be applied against an AFDC grant. Special Term also found that because these programs serve different purposes "[t]o reduce basic assistance grants on the basis of educational grants would reduce the incentives behind and quality of the latter program". We disagree and conclude that Special Term improperly annulled the commissioner's determination.

We find no New York or Federal appellate level cases in point. As such, we resort to general rules of construction in interpreting the applicable statutes and regulations. The United States Supreme Court has held that the "method of

analysis used to define the federal standard of [AFDC] eligibility is no different from that used in solving any other problem of statutory construction" *(Burns v Alcala,* 420 US 575, 580).

The AFDC program is financed largely by the Federal Government on a matching fund basis, but is administered by the individual States. Participating States are required to submit for approval of the Secretary of the United States Department of Health, Education and Welfare (HEW) a plan conforming with the rules and regulations promulgated by HEW *(King v Smith,* 392 US 309, 316-317; US Code, tit 42, §§ 601-603; Social Services Law, § 358, subd 1). The requirement of State conformity to Federal standards applies not only to those set forth in Federal statutes, but also to those promulgated in the regulations of the Secretary of HEW (US Code, tit 42, § 1302; *Shea v Vialpando,* 416 US 251).

■ The applicable Federal statutes are paragraph 7 of subdivision (a) of section 602 of title 42 of the United States Code, which provides that a "State plan for aid and services to needy families with children must * * * provide that the State agency shall, in determining need, take into consideration any * * * income and resources of any child or relative claiming aid" and section 507 of Public Law 90-575, which provides that for purposes of AFDC and other programs "no grant or loan to any undergraduate student for educational purposes made or insured under any program administered by the Commissioner of Education shall be considered to be income or resources" (82 US Stat 1063). The implementing Federal regulations specify that a State plan for AFDC must "[p]rovide that, in determining the availability of income and resources, the following will not be included as income: * * * (b) loans and grants, such as scholarships, obtained and used under conditions that preclude their use for current living costs" (45 CFR 233.20 [a] [3] [iv] [b]), and must further "[p]rovide that, in determining eligibility for public assistance and the amount of the assistance payment, the following will be disregarded as income and resources: * * * (d) Any grant or loan to any undergraduate student for educational purposes made or insured under any programs administered by the Commissioner of Education" (45 CFR 233.20 [a] [4] [ii] [d]). Appellants contend that 18 NYCRR 352.16 (c) complies with these Federal statutes and regulations. Since a fair reading of the applicable language supports this interpretation and since the appellant Department of Social Services of the State of

New York is the agency charged with supervising AFDC throughout the State (Social Services Law, § 355), we accept the administrative conclusion that the State regulation complies with Federal standards.

While the petitioner's claim would appear to have considerable merit if we were to look at only section 507 of Public Law 90-575 and its implementing regulations (45 CFR 233.20 [a] [4] [ii] [d]; 18 NYCRR 352.16 [c] [2]), it flies in the face of paragraph 7 of section 602 of title 42 of the United States Code, which requires that "any" income and resources should be taken into consideration in determining need for AFDC, and 45 CFR 233.20 (a) (3) (iv) (b) which allows loans and scholarships to be exempted from income only when received "under conditions that preclude their use for current living costs". (See, also, 18 NYCRR 352.16 [c] [1].) When two statutory or regulatory provisions are potentially in conflict, they should be construed in such a manner that the overriding purposes of both can be preserved (*Markham v Cabell,* 326 US 404). Statutes should not be construed so as to negate their own stated purposes (*New York Dept. of Social Servs. v Dublino,* 413 US 405). The stated purpose of the AFDC program is to provide aid for "needy children" (US Code, tit 42, § 602, par [a]; *Shea v Vialpando,* 416 US 251, *supra).* To provide a windfall of money because of overlapping educational programs would be contrary to this purpose. Finally, the construction of a statute by the administrative agency charged with its enforcement should be followed unless there are compelling reasons for not doing so (*New York Dept. of Social Servs. v Dublino, supra; Matter of Howard v Wyman,* 28 NY2d 434).

We hold that BEOG and related grants can be taken into consideration by welfare agencies in determining if other educational loans, grants and scholarships which are not administered by the United States Commissioner of Education can be treated as available income in determining AFDC benefits (*Richman v Juras,* 393 F Supp 349).

The petitioner further contends that the TAP award is not available income because the TAP moneys are restricted within the meaning of 18 NYCRR 352.16 (b) which provides: "When the terms of an award, the legislative intent of a government benefit, the rules of an organization paying a benefit, the nature of a trust fund, or the agreed upon intent

of a friend, non-legally responsible relative, social agency or other organization limits the use of cash income, the social services official shall abide by such restriction, when verified. The restriction may limit the use of the income to a specified purpose or to a particular member or members of the household." (See 45 CFR 233.20 [a] [3] [vii].) Petitioner's argument is that since the TAP award cannot exceed tuition (Education Law, § 667, subd 1) and is intended for tuition, it must be deemed needed and used for tuition. We find no such restriction in the Education Law. We cannot accept the claim that 18 NYCRR 352.16 (b) limited the authority of the appellant social services agencies and officials to make an independent determination as to whether the TAP funds in question were actually being used for tuition.

█ Petitioner further relies upon section 667 (subd 4, par [2], cl [b]) of the Education Law which limits TAP awards to the amount by which "annual tuition * * * exceeds the total of all other state, federal, or other educational aid that is received * * * by such student during the school year". (See, also, 8 NYCRR 145-2.13.) Petitioner's assertion that, "[i]f there is an actual overlap, TAP will be reduced" is incorrect insofar as BEOG grants are concerned because State education regulations provide that BEOG awards shall not limit the amount of TAP grants (8 NYCRR 145-2.13 [a] and 8 NYCRR 145-1.11). Although there is general authority in section 667 for the Commissioner of Education to prevent duplication of educational awards by reducing the TAP award, when, as with BEOG grants, no such reduction is made, the appropriate social services agency has the authority to take such duplicate funds into consideration as income in determining AFDC payments (US Code, tit 42, § 602, subd [a], par 7; 45 CFR 233.20 [a] [3] [iv] [b]; 18 NYCRR 352.16 [c] [1]).

The judgment should be reversed, on the law, without costs, and the determination of the New York State Commissioner of Social Services, dated August 6, 1976, reinstated.

GREENBLOTT, J. P., KANE, MAIN and MIKOLL, JJ., concur.

Judgment reversed, on the law, without costs, and determination of the New York State Commissioner of Social Services, dated August 6, 1976, reinstated.