Barbara WISDOM et al.,
Plaintiffs-Appellees,

v.

Nicholas NORTON et al.,
Defendants-Appellants.

No. 1058, Docket 74–1402.

United States Court of Appeals,
Second Circuit.

Aug. 1, 1975.

Before MOORE and FEINBERG, Circuit Judges, and WEINFELD, District Judge.*

ON PETITION FOR REHEARING

PER CURIAM:

The appellees petition this Court to grant a rehearing and to amend its decision of October 11, 1974, to order a remand of the case to the District Court for the convening of a three-judge court to consider the constitutional issue raised by appellees.

* Of the United States District Court for the Southern District of New York, sitting by designation.

The constitutional claim is that unborn children would be eligible for AFDC benefits "except for the state policy which does not recognize the unborn child as a child for purposes of eligibility for AFDC." Paragraph 23 of the Complaint, Supplemental Appendix at 7. [See also Petition for Rehearing at 2: "Count one of the complaint alleged that the appellants under color of state law of Welfare Department policy deprived appellees of their rights under the Equal Protection clause of the Fourteenth Amendment to the United States Constitution by denying basic subsistence in the form of AFDC payments and medical care to unborn children and their mothers, but providing benefits to all other eligible children and their mothers."] We held, as both parties conceded [507 F.2d 750, 756], that HEW was incorrect in allowing payments to unborn children at the option of the participating states. Since unborn children are not eligible under the Social Security Act for AFDC benefits, HEW is without authority to approve optional payments to those states electing to grant AFDC benefits to the unborn. As the Act does not permit payments for the unborn, Connecticut could not be judicially compelled to adopt a different policy under the AFDC program. Appellees' constitutional claim is accordingly foreclosed. Therefore, the petition for rehearing is denied.

This disposition leaves open the question whether Connecticut, since it provides benefits for born children through the AFDC program, is required to provide some other form of assistance for the unborn under the equal protection or due process clause of the Fourteenth Amendment; or whether Congress violated the due process clause of the Fifth Amendment in discriminating between born and unborn children in the AFDC program. Appellees are of course free to move to amend their complaint to raise these issues or to file a new suit.