Per Curiam.

This is an appeal from an unanimous affirmance by the Appellate Division of a judgment of the Supreme Court which, in pertinent part, ordered certain Erie County public officers to provide necessary funds for home relief, aid to dependent children, medical assistance and day care programs in said county and denied relief under a petition, asserted by way of counterclaim, which sought a declaration of invalidity in respect to provisions of the Social Services Law subjecting Erie County to a 50% burden of the non-Federal costs of said programs.
Section 1 of article XVII of the New York State Constitution mandates that "[t]he aid, care and support of the needy are public concerns and shall be provided by the state and by *838 such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine.” Erie County and its officials here involved urge that those provisions of the Social Services Law which effect a 50% contribution of the non-Federal outlay for said public assistance programs by the county (see Social Services Law, §§ 52, 61, 69, 88, 92, subd 1; § 93, subds 3, 6; § 153, subd 1; § 368-a, subd 1; § 410-c, subd 1 of tit 5, art 6) are unconstitutional in denying equal protection and due process under the United States and New York State Constitutions, in violating the right of county residents to effective self-government and home rule and in that they will result in the imposition of local taxes in excess of the limit set by the State Constitution.
As to the claimed invalidity under the Federal Constitution, the decision in Lindsay v Wyman (372 F Supp 1360, affd sub nom. Beame v Lavine, 419 US 806), upholding the constitutionality of the Social Services Law against an attack that the division of the State of New York into social services districts achieves an unequal and discriminatory distribution of the burden of public assistance costs and payments in the State, conclusively negates the Erie County position. Likewise, the county’s reliance on corresponding provisions of the State Constitution fails because of the persuasive authority in Lindsay (see, also, Montgomery v Daniels, 38 NY2d 41, 61).
Although section 10 of article VIII of the State Constitution contains a limitation on the amount to be raised by a county by tax on real estate, the Appellate Division, finding that it was not proven that Erie County is currently taxing property at the maximum allowable rate, rejected the constitutional argument in this respect on inadequacy of proof.
It is contended that the cost of public assistance in 1976 amounts to 56% of Erie’s total budget and that the statutory straitjacket, requiring the local expenditure of one half of the non-Federal expenses for public assistance, severely limits the availability of sufficient tax revenues for traditional county services, thus rendering meaningless the county’s right to manage its own affairs (see, generally, NY Const, art IX). The applicable statutes of the Social Services Law are, however, general laws (NY Const, art IX, § 3, subd [d], par 1) and the State Legislature has the "power to act in relation to the property, affairs or government of any local government * * * by general law” (NY Const, art IX, § 2, subd [b], par [2]). To that extent general laws, on the present showing, are controlling.
*839 We concur in the determination at the Appellate Division on the analysis and for the reasons set forth in the opinion of Mr. Justice Reid S. Moule with the foregoing added comments. Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.