HON. PHILIP L. TOIA Commissioner, Department of Social Services
This is in response to a request by Carmen Shang, General Counsel to the Department of Social Services, as to whether local commissioners of social services are compelled to follow State Laws and rules when the Boards of Supervisors, County legislatures or County Executives direct them to take a course of action which is inconsistent with or contrary to State mandates.
The request points out that a County Social Services Commissioner is appointed by either the County Board of Supervisors or the County Executive. However, the appointee must meet the qualifications required by the State Commissioner of Social Services pursuant to Social Services Law, § 116.
Article IX, § 2(c) (i) of the State Constitution states that:
 "* * * every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government * * *". (Emphasis supplied.)
Article XVII, § 1 of the Constitution provides:
 "The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine". (Emphasis supplied.)
Thus, the State Legislature is given the sole power to control the public welfare system and to determine in what manner public assistance shall be provided. Local governments have no power to pass local laws which purport to control the system since such laws would be inconsistent with the Constitution.
Further, in view of the fact that the State Legislature has been given the sole power to control the welfare system, it appears that the aid, care and support of the needy is a matter of State concern and as such is not a matter relating to a local government's "property, affairs or government". Thus, it appears that a local government has, therefore, no power to adopt local laws in regard to the public welfare system.
Additionally, Article IX, § 3 (d) (1) defines a general law as a "law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages." There can be no question that the Social Services Law is a "general law" since it applies statewide and concerns all counties alike. Therefore, a local government body is without the power to pass any local law inconsistent with the State Social Services Law (Matter ofToia v. Regan, 40 N.Y.2d 837 [1976]).
A review of the Social Services Law shows that it was the intent of the Legislature to vest in the State Department of Social Services the responsibility of carrying out the welfare program. The Department is mandated to supervise all local social services departments and is authorized to approve or disapprove any rule, regulation or procedure made by the local social services officials (Social Services Law, §20[3(a)]). The Department may withhold State reimbursement from any local social services district which fails to comply with the law or the rules and regulations of the Department (section 20[3(e)]).
It is clear, therefore, that State law and rules and regulations of the Department of Social Services are controlling over local social services officials and that local government bodies have no power to direct such local social services officials to take actions which are inconsistent with State mandates (State Board of Social Welfare v. City of Newburgh,28 Misc.2d 539 [1961]).
I conclude that local commissioners of social services are compelled to follow State law and the rules and regulations of the Department of Social Services and may not follow the directions of local government bodies or officials when such directions would cause them to take a course of action which is inconsistent with or contrary to State mandates.