■    In the Matter of WILBERT MARTIN, Petitioner, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination unanimously confirmed, without costs. Memorandum: In this article 78 proceeding petitioner seeks review of the determination of respondent Commissioner of the Onondaga County Department of Social Services, as affirmed by respondent Commissioner of the New York State Department of Social Services, denying his request for a grant of public assistance upon the ground that he and his wife failed to show that they were actively seeking employment. The regulations of the State Department of Social Services state that the social services official shall: "(1) Require an HR applicant * * * as a condition [of] eligibility for assistance and care, to: * * * (iv) Give evidence as requested, that he is actively seeking employment" (18 NYCRR 385.3 [b] [1] [iv]). Pursuant to this regulation respondent Commissioner of the Onondaga County Department of Social Services promulgated a local rule which required that in order for an applicant to demonstrate that he was "actively seeking employment" it was necessary that the individual provide information that he made 20 honest job applications in the 30 days prior to his application for assistance. Petitioner provided evidence that he made four job applications within the 30 days prior to his application for assistance while his wife made two applications during that time. In addition, petitioner's wife claimed that she was ill during those 30 days, but she failed to present any medical evidence to support her contention. "It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438, see, also, *Matter of Barie v Lavine,* 40 NY2d 565). Inasmuch as the local agency rule, when strictly enforced, fails to consider either the unique, individual circumstances of a particular applicant or the economic situation of a particular geographic area, it is invalid in that it is arbitrary in application, and its adoption is the result of an unreasonable and irrational construction accorded the regulation which requires that the local social services official request evidence that the applicant is actively seeking employment. However, the decision of respondent Commissioner of the State Department of Social Services was not based upon petitioner's failure to comply with the local agency guidelines which we find to be invalid above. It merely states that the credible evidence establishes that petitioner and his wife both failed to furnish sufficient

evidence that they were actively seeking employment as required by 18 NYCRR 385.3 (b) (1) (iv). Inasmuch as there is substantial evidence in the record to support that determination, it cannot be said that it was improper (see CPLR 7803, subd 4; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Thus, the denial of assistance to petitioner and his wife was a proper exercise of discretion. Furthermore, petitioner was afforded the procedural due process protection that was required under the circumstances. In the notice of denial petitioner was not only informed of the reason and basis for the agency's decision to deny his application for public assistance but was also informed of his right to a fair hearing reviewing that decision, as well as his right to legal counsel (see *Matter of Trombley v Lascaris,* 49 AD2d 1028; see, also, *Goldberg v Kelly,* 397 US 254, 267-268). Finally, the eligibility of petitioner's stepson for public assistance cannot be dealt with on this appeal inasmuch as the boy moved out of petitioner's household subsequent to the date of his parents' application for public assistance. The record shows that an appointment for an interview had been made for the stepson but that he failed to show up and has not been heard from since. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Goldman, JJ.