Willie McLEAN, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

David MATHEWS, in his capacity as Secretary of the United States Department of Health, Education and Welfare, W. J. Usery, Jr., in his capacity as Secretary of the United States Department of Labor, Phillip Ross, Individually and in his capacity and Industrial Commissioner of the New York State Department of Labor, and Stephen Berger, Individually and in his capacity as Commissioner of the New York State Department of Social Services, Defendants.

No. 76 Civ. 1572.

United States District Court,
S. D. New York.

June 23, 1977.

**286**

Legal Aid Society of Westchester County, New Rochelle, for plaintiff.

Robert Fiske, Jr., U.S. Atty., S.D.N.Y., New York City, for defendants.

### MEMORANDUM

STEWART, District Judge:

In an opinion issued May 19, 1976, this Court granted the named plaintiff's applica-

1. 42 U.S.C. § 602(a)(19)(F).

2. 29 CFR § 56.50, § 56.51, and § 56.77.

3. 18 NYCRR § 388.9(a) and (d).

tion for preliminary injunctive relief, and denied defendants' motion to dismiss. Then in a memorandum dated June 9, 1976, the Court certified this action as a class action. Presently before the Court are cross-motions for summary judgment.

In our May 19, 1976 decision, we set forth the facts and issues presented in this case at some length, so we will only summarize them briefly at this point. Plaintiffs represent certified Work Incentive Program ("WIN") participants who have been found to have refused, without good cause,[1] to participate in the program, and who have been deregistered from the program for fixed time periods. The question before the Court is whether certain federal[2] and state[3] regulations, promulgated under the Social Security Act, 42 U.S.C. § 601 *et seq.*, ("SSA") which mandate fixed 90-day and 6-month periods of deregistration, are inconsistent with SSA, and thus invalid.

■ The Court can only grant a motion for summary judgment if there are no material factual issues genuinely in dispute. *Heyman v. Commerce and Industry Insurance Company,* 524 F.2d 1317 (2d Cir. 1975). This case is one of statutory construction. Here the only factual issue in dispute is whether or not the fixed periods of deregistration provided by the regulations reflect the actual average periods of non-participation.[4] However, we find that this issue is not material because we need not reach it in order to decide the cross-motions for summary judgment before us.

■ The plaintiffs attack the validity of the state and federal regulations on two grounds. The first is that ". . . the concept of deregistration . . . is contrary to the purposes of the WIN program and is not authorized by the Social Security Act."[5] In our May 19, 1976 decision we noted that, although deregistration is not

4. See Bloom Affidavit.

5. Plaintiffs' Memorandum of Points and Authorities in Support of Motion ("Plaintiffs' Memorandum"), p. 12.

explicitly authorized by the Act,[6] it does expressly delegate rulemaking power to the federal defendants. The opinion went on to state:

> Given this grant of authority, plaintiff has not yet shown that deregistration, the penalty chosen by the Secretaries, is inconsistent with the furnishing of incentives to AFDC recipients to propel them into the workforce. Rather, the potential loss of access to job-training and job placement opportunities which results from deregistration may serve as a deterrent for those who would refuse to participate.*
>
> * "That some other remedial provision might be preferable is irrelevant." *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 371 [93 S.Ct. 1652, 36 L.Ed.2d 318] (1973).
>
> Thus, although we understand plaintiff's argument that an individual who is so sanctioned under the regulations is precluded from the very benefits which Congress hoped would function as positive incentives to becoming a wage-earner, we do not believe that the creation of negative incentives is beyond the discretionary powers which Congress invested in the Secretaries of HEW and Labor.

*McLean v. Mathews*, 76 Civ. 1572, (S.D. N.Y., May 19, 1976) pp. 13–14. Nothing has been presented to the Court which would change these earlier conclusions. Therefore, we conclude that the regulations providing for deregistration are valid because it is within the discretionary powers vested in the Secretaries of HEW and Labor as set forth by Congress, and is not a violation of the purposes of the Act.

The second basis for plaintiffs' claim is that the fixed sanctions of 90 days and 6 months which are currently imposed upon WIN participants who have been found to have failed without good cause to participate in the program, are inconsistent with both the language and the intent of 42 U.S.C. § 602(a)(19)(F), which reads,

> . . . if *and for so long as any* . . individual . . . has been found by the Secretary of Labor . . . to have refused without good cause to participate

. . . or to have refused without good cause to accept employment [that individual's] . . . needs shall not be taken into account in making the determination . . . [of the family's AFDC benefits]. (Emphasis added.)

Plaintiffs argue that this statutory language only authorizes sanctions for a period of time equal to the exact period during which an individual refuses to participate. For example, if a person refuses to participate for 50 days, he or she can only be sanctioned for 50 days. Plaintiffs base this argument on a strict reading of the words "and for so long as."

Defendants respond that the 90-day and 6-month periods are reasonably related to any actual periods of refusal to participate, and are in furtherance of the Congressional purpose. To support their position they rely upon the statute, its legislative history, and "logic." They argue that nowhere in the statute is there a provision which mentions or imposes any obligation on the federal defendants to establish an administrative structure designed to determine the exact period of refusal.

As the Court stated in its earlier opinion,

> In interpreting statutory language, a court is instructed to give words their ordinary meaning. *Wisdom v. Norton*, 507 F.2d 750, 753–754 (2d Cir. 1974), petition for rehearing denied, 520 F.2d 938 (2d Cir. 1975). While the interpretation given to statutes by the agencies entrusted with their operation is given considerable weight, [*Dublino, (New York State Dept. of Serial Services v. Dublino), supra*, 413 U.S. (405) at 421, 93 S.Ct. 2507, 37 L.Ed.2d 688], agency readings cannot supersede the language of the Act. *Wisdom v. Norton, supra*, 507 F.2d at 756.

The words of this statute, "and for so long as any," are clear and unambiguous. While the statute does not impose the specific administrative structure for such a determination, it is clear that it does require precise determination. *Richards v. United States*,

---

**6.** However the sanction of a decrease in the AFDC grant is specifically set forth.

369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *United States v. Blasius*, 397 F.2d 203, 205–6 (2d Cir. 1968), *cert. dismissed*, 393 U.S. 1008, 89 S.Ct. 615, 21 L.Ed.2d 557 (1968). We also do not find convincing the federal defendants' argument that § 602 deals with the requirements for state AFDC programs (see May 19 opinion at 16).

■ Next defendants argue that the legislative history supports their interpretation of the statute as not requiring a specific determination of the length of time a recipient failed to participate. They refer the Court to the rule of statutory construction that "the literal interpretation of the words of an act should not prevail if it creates a result contrary to the apparent intention of the legislature and if the words are sufficiently flexible to admit of a construction which will effectuate the legislative intention," Sands, Statutory Construction § 46.07 (4th ed. 1973, Supp. 1976). This does not apply to the instant case since the words of the statute are clear and not particularly susceptible of another interpretation and the legislative history is at best ambiguous.[7]

Finally, defendants argue that a "logical analysis" of the statute leads to the conclusion that plaintiffs' interpretation of the statute as requiring a determination of the exact period of time a person has refused to participate without good cause is unreasonable and unjustified. Defendants have failed to demonstrate any overwhelming administrative burden imposed by plaintiffs' interpretation, and plaintiffs have advanced many arguments as to both the administrative possibilities and the present realities so as to persuade us that their interpretation is not functionally impossible. *Compare Mourning v. Family Publications Service, Inc., supra*, 411 U.S. at 370, 93 S.Ct. 1652. Since an initial determination must be made that the participant has failed to participate without good cause, a determination could be made at the same time of the length of time of this non-participation. In fact, plaintiffs claim that the forms already utilized by the Secretaries of HEW

and Labor could be relied upon to compute this period. Clearly the defendants should be given some leeway as a three-week investigation into whether the failure to participate started on June 3 or June 5 would not be justified or reasonable under the statute. However, a close approximation as to each individual is required by the statute. The required finding is also justified to carry out the command of the Social Security Act.

■ We conclude that the statute requires a determination of the period of time for which the individual refuses without good cause to participate, and allows deregistration for only this length of time. Thus defendants' final argument that the fixed time periods are acceptable since they are approximations of the actual time of non-participation is unavailing. The statute mandates an individual determination for each individual, and nothing less will suffice.

■ Accordingly, the Court finds that the regulation providing for deregistration is valid as it is within the discretionary powers of the Secretaries of HEW and Labor as set forth by Congress. However, the Court also finds that the fixed sanctions of 90 days and 6 months which are currently imposed upon WIN participants who have been found to have failed without good cause to participate in the program are inconsistent with the language of 42 U.S.C. § 602(a)(19)(F), and are thus invalid.

SO ORDERED.

---

**7.** The legislative history suggests that Congress has authorized the defendants to disregard the

recalcitrant individual's needs, something which the plaintiffs do not contest.