■ In the Matter of SUSAN M. BRUCH, Petitioner, v JOHN L. LASCARIS, as Commissioner of the Onondaga County Department of Social Services, et al., Respondents.—Determination unanimously confirmed, without costs. Memorandum: In this CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (subd [g]), petitioner seeks review of the determination of respondent Commissioner of the Onondaga County Department of Social Services, as affirmed after a hearing by respondent Commissioner of the New York State Department of Social Services, denying her application for medical assistance upon the ground that she was not actively seeking

employment. Subdivision 1 of section 366 of the Social Services Law sets forth the eligibility requirements for medical assistance. Petitioner claims that she is qualified as a "person eligible for home relief" under section 366 (subd 1, par [a], cl [1]) which states: "Medical assistance shall be given under this title to a person who requires such assistance and who (a) * * * (1) is receiving or is eligible for home relief". The regulations of the New York State Department of Social Services provide that: "The social services official shall: (1) Require an HR [home relief] applicant * * * as a condition of eligibility for assistance and care, to: * * * (iv) Give evidence as requested, that he is actively seeking employment" (18 NYCRR 385.3 [b] [1] [iv]). Thus, in order to qualify for home relief and therefore for medical assistance, petitioner must show that she was actively seeking employment. Evidence adduced at the hearing shows that petitioner applied for medical assistance to cover the expenses of medical treatment which she received after a bicycle accident on May 22, 1977. At the time of the accident she was on summer recess after her first year of law school, and planned to return to school in the fall. She had a part-time job. She testified that between January and May, 1977 she had applied for 19 jobs. Fifteen of these were law-related positions which were for the summer only or which might become part time in the fall. With the exception of one application for work as a waitress, she did not seek employment in the two fields in which she had previous experience: waitressing and substitute teaching. Nor did she demonstrate that she had applied for other types of employment for which she concededly would be qualified, e.g., general office, clerical, or sales work. Petitioner did not present evidence sufficient to show that she was actively seeking employment (see *Matter of Martin v Berger*, 55 AD2d 1030). Respondents' determination is supported by substantial evidence and should be affirmed (see *Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231). (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.