Hon. David P. Glasel Deputy Commissioner and General Counsel Department of Social Services
This is in response to your letter of April 10, 1979, wherein you request my opinion as to (a) what property is subject to the provisions of Penal Law, § 450.10(5), (b) whether section 450.10(5) would take precedence over a conflicting local law, citing specifically New York City Administrative Code § 435-4.0(4) (e) (2), and (c) the proper criteria to be followed in disposing of such property.
Penal Law, § 450.10(5) provides that stolen property not claimed by the owner before the expiration of six months from the date of conviction of a person for stealing it must, on payment of the necessary expenses incurred in its preservation, be delivered to the appropriate county or city commissioner of social services "to be applied for the benefit of the poor".
The term "stolen property" means any property which is the subject of a larceny (Penal Law, § 155, et seq.), a robbery (id., section 160, etseq.), or which is defined in Article 165 of the Penal Law. "Other Offenses Relating to Theft" (id., section 165, et seq.). A narrower construction would, in my opinion, be strained and artificial (see Practice Commentary following McKinney's Penal Law, § 450.10).
Of course, only stolen property which is held upon conviction of a person for stealing it is subject to the statute. In this regard I am of the opinion that the provisions of Criminal Procedure Law, § 1.20(13) are pertinent and that "conviction" must be construed in accordance with that section to mean "the entry of a plea of guilty to, or a verdict of guilty upon, any accusatory instrument other than a felony complaint or to one or more counts of such instrument". Thus, section 450.10 requires that a "conviction" also encompass a lesser but included charge.
Moreover, a general state law in relation to the disposition of unclaimed stolen property necessarily governs over any inconsistent local law (State Constitution, Article IX, § 2 [c] [ii]; compare Toia v Regan,54 A.D.2d 46 [4th Dept, 1976], affd. 40 N.Y.2d 837 [1976], app. dism.429 U.S. 1082 [1977]).
Your final inquiry is addressed to the issue of the specific application of such stolen property by the local social services districts. I am of the opinion that the local agencies may apply such property "for the benefit of the poor" in any manner and for any specific purpose consistent with the Social Services Law. I suggest that the provisions of section 450.10, which have been a part of our law for over one hundred years, were not intended to provide any new or additional assistance for the poor but rather to assist the local agencies in carrying out their existing functions in such area.