Claude CHURCH, Plaintiff,

v.

John BLOCK,[1] in his capacity as Secretary of Agriculture of the United States, and Barbara Blum, individually, and in her capacity as Commissioner of the New York State Department of Social Services, and James Dodds, individually and in his capacity as Commissioner of the Delaware County Department of Social Services, Defendants.

No. 78–CV–849.

United States District Court,
N. D. New York.

Sept. 25, 1981.

---

1. Mr. Block has been substituted for the original defendant, Bob Bergland pursuant to Rule 25(d) of the Fed.R.Civ.P.

Legal Aid Society of Oneida County, Inc., Oneonta, N. Y., for plaintiff; Peter W. Hill, Oneonta, N. Y., of counsel.

George H. Lowe, U. S. Atty., Syracuse, N. Y., for defendant Block; Paula M. Ryan, Asst. U. S. Atty., Syracuse, N. Y., of counsel.

Robert Abrams, Atty. Gen. of New York, Albany, N. Y., for defendants Blum and Dodds; John R. Marshall, Asst. Atty. Gen., Binghamton, N. Y., of counsel.

## MEMORANDUM DECISION AND ORDER

McCURN, District Judge.

Plaintiff, Claude Church, has brought this action against the state and federal defendants challenging sanctions imposed on him by the state defendants concerning his public assistance benefits under the federal and state programs of Aid for Dependent Children [ADC], and Food Stamps. The Court has jurisdiction over these claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.[2] Now before this Court are the state and federal defendants' motions for summary judgment, pursuant to Rule 56 of the Fed.R.Civ. Pro., and the plaintiff's cross-motion for summary judgment. The state defendants also move to dismiss the complaint under Rule 12 of Fed.R.Civ.Pro.

### I

Mr. Church is a resident of Delaware County who had been receiving public assistance and food stamps prior to this action. The plaintiff is married and has three children. At the time this action was brought, his wife and children were residing with him. The facts giving rise to this litigation are as follows.

On August 13, 1979, the Delaware County Department of Social Services [County] referred the plaintiff to a Comprehensive Employment Training Act [CETA] program for a job interview. Mr. Church was offered the job and given an application form. However, upon learning the nature of the job, the plaintiff left the office before the application and the interview were completed. The County notified Mr. Church on August 16, 1979, that he would be sanctioned for his refusal to accept the CETA job. The County proposed that, effective September 1, 1979, the plaintiff's ADC benefits would be reduced from that for a family of five to that for a family of four for ninety (90) days, he would be disqualified for medicaid for ninety (90) days, and his household would be disqualified for food stamps for a period of two months, or until such time as the plaintiff was referred to, and accepted, another job.

On August 30th, and again on September 4, 1979, the plaintiff reported to the New York State Employment office and stated that he was willing to accept the job that had been offered to him, or any other job to which he would be referred. Thereafter, a fair hearing was held on September 21, 1979. The Hearing Officer upheld the County, and the proposed sanctions were scheduled to be effective on December 1, 1979.

Plaintiff filed a complaint in the Northern District of New York in December, 1979, and requested a preliminary injunction against the imposition of these sanctions. This Court granted the preliminary injunction on January 31, 1980. On February 4, 1980, the plaintiff amended his complaint to include causes of action on behalf of his family. Thereafter, all of the parties moved for summary judgment. The Court has been informed by the parties that the plaintiff's wife and children are no longer residing with him, therefore, the causes of action alleged on their behalf are now moot.[3]

---

2. Originally, the plaintiff asserted jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343(3) and (4). The state defendants challenged this jurisdiction. Rather than deal extensively with this issue, the Court finds that there is jurisdiction under 42 U.S.C. § 1983 and

28 U.S.C. § 1331, as amended, which applies to all cases now pending in federal court.

3. See, letter of April 16, 1980. In that letter plaintiff's counsel asserts that the last two causes of action are moot, but that all three

## II

The state defendants have moved, pursuant to Rule 12 of the Fed.R.Civ.Pro., to dismiss the plaintiff's complaint on the grounds that (1) the Federal District Court does not have subject matter jurisdiction, (2) the plaintiff has failed to exhaust administrative remedies, and (3) the complaint fails to state a cause of action.

This Court finds that subject matter jurisdiction is present.[4] As to the allegation that the plaintiff has failed to exhaust state administrative remedies by failing to commence an Article 78 proceeding,[5] the Court observes that such a proceeding is judicial rather than administrative in nature.[6] Arguments presented in support of the state defendants' allegation that the plaintiff has failed to state a cause of action are more properly treated in the motion before the Court for summary judgment.

Accordingly, the motion to dismiss is denied in its entirety.

## III

The plaintiff's first two causes of action concern the state defendants' application of a ninety (90) day fixed sanction against the plaintiff's ADC benefits under 18 NYCRR § 358.8.[7] First, Mr. Church urges that the New York regulation conflicts with the federal law regarding the sanctions to be applied for violations of the work require-

ments contained in 42 U.S.C. § 602(a)(19)(F). Secondly, the plaintiff alleges that the application of this sanction violates the Fourteenth Amendment, equal protection clause, by providing a fixed sanction for all ADC recipients who do not reside in Work Incentive Program [WIN] districts in New York, while providing an open-ended sanction for those ADC recipients who reside in WIN districts. Finally, the plaintiff urges that the state defendants' imposition of a ninety (90) day sanction in this case violates the Fourteenth Amendment, equal protection clause, because the regulation only provides for a maximum thirty (30) day sanction for ADC recipients. Since other ADC recipients in New York who have refused to accept an offer of employment are only subjected to a thirty (30) day sanction, the plaintiff argues that the state defendants are not treating him as they would other similarly situated residents.[8] This Court finds that the application of a fixed sanction violates the statutory language contained in 42 U.S.C. § 602(a)(19)(F), therefore, the equal protection arguments advanced by the plaintiff need not be addressed. *Hagans v. Lavine*, 415 U.S. 528, 549, 94 S.Ct. 1372, 1385, 39 L.Ed.2d 577 (1974); *Cordova v. Reed, supra* at 625; *Harrington v. Blum*, 483 F.Supp. 1015, 1019 n.1 (S.D.N.Y.1979).

■ New York State has elected to participate in the federal ADC program, and so

---

causes of action on behalf of Mr. Church are still before the Court. The state defendant apparently agrees with this assertion. (State Defendants' Memorandum of Law in Support of Summary Judgment, page 9). Therefore, the cause of action asserted by Mr. Church regarding ADC benefits is still before this Court.

4. *See*, page 1, fn. 1 of this opinion.

5. N.Y. CPLR § 7801, *et seq.* provides for review of administrative decisions in New York Supreme Court.

6. *Huffman v. Pursue*, 420 U.S. 592, 609 n. 21, 95 S.Ct. 1200, 1210 n.21, 43 L.Ed.2d 482 (1975); *Cordova v. Reed*, 521 F.2d 621, 624 (2d Cir. 1975).

7. The sections of the regulation in issue here provide in pertinent part that a recipient of ADC benefits who fails to accept a job, "shall be disqualified from receiving . . . benefits for

30 days thereunder and until such time as he is willing to comply with the requirements of this Part." 18 NYCRR § 385.8(b)(1). Mr. Church was apparently sanctioned under 18 NYCRR § 385.8(b)(3) which provides that for a third instance of a failure to comply with the requirements, a *Home Relief* recipient will be disqualified from receiving benefits for 90 days.

8. The state admits that under the regulation only Home Relief recipients can be sanctioned for 90 days. However, the state contends that the Federal District Court does have jurisdiction to correct this error. (State Defendants' Memorandum of Law in Support of Summary Judgment, pages 8–9). In light of this Court's conclusion that the state cannot apply *any* fixed sanction because fixed sanctions in this area conflict with federal law, the Court does not reach plaintiff's argument regarding the misapplication of the New York regulation.

is required to comply with the applicable federal laws and regulations. *Philbrook v. Glodgett*, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975); *Hagans v. Lavine, supra; Bizak v. Blum*, 490 F.Supp. 1297 (N.D. N.Y.1980). The federal law in issue here, 42 U.S.C. § 602(a)(19)(F), states in pertinent part that a recipient of ADC benefits may be sanctioned by removing his needs when determining the amount of benefits payable "*if and for so long as* any child, relative, or individual [who is not exempt from the requirements] . . . has been found . . . to have refused without good cause to accept employment in which he is able to engage which is offered through the public employment offices of the state." (emphasis added).

The federal regulations do not have a parallel provision regarding sanctions for a recipient's refusal to accept a bona fide offer of employment through the state's employment agency. However, federal regulations do provide for denial of ADC aid "*if and for so long as* the child's father . . . is not registered with a public employment office of the state." 45 CFR § 233.-100(5)(i) (1979). (emphasis added).

The statutory language contained in 42 U.S.C. § 602(a)(19)(F) has been analyzed in *McLean v. Mathews*, 458 F.Supp. 285 (S.D. N.Y.1977). In that case ADC recipients, who were registered in the WIN program, challenged the federal and state regulations which provided for fixed sanctions for failure to comply with work requirements. WIN is a comprehensive training and employment program set up by the federal government and administered by the states. The program is too expensive to operate in rural areas, such as Delaware County. Residents, like Mr. Church, who live outside of WIN districts, are required to register with the state employment service. However, the statute, 42 U.S.C. § 602(a)(19)(F), applies to both WIN and non-WIN recipients of ADC benefits.

The plaintiffs in the *McLean* case argued that the "if and for so long as" language in the statute only authorizes sanctions for the exact period of time during which an individual *refuses* to participate in the WIN program. According to this argument, a fixed sanction is prohibited because an individual may be sanctioned for a time when he actually is willing to comply with work requirements. Mr. Church argues that this language is equally applicable to him, and prevents the state defendants from imposing a fixed sanction on him which extends beyond the time during which he actually refused to accept a bona fide offer of employment.

The *McLean* court held that the language in the statute is plain and unambiguous, and a strict reading of this provision mandates that there be an individual determination of the exact period of time that the recipient refuses to comply with the requirements. The court stated that the "if and for so long as" phrase means that sanctions can be applied against recipients of ADC benefits only for the period that they refuse to comply with the applicable work requirements. The court stated that,

> [i]n interpreting statutory language, a court is instructed to give words their ordinary meaning. *Wisdom v. Norton*, 507 F.2d 750, 753–754 (2d Cir. 1974), *petition for rehearing denied*, 520 F.2d 938 (2d Cir. 1975) While the interpretation given to statutes by the agencies entrusted with their operation is given considerable weight, [. . . *New York State Dept. of Social Services v. Dublino, supra*, 413 U.S. 405 at 421, 93 S.Ct. 2507 at 2516, 37 L.Ed.2d 688 . . .)], agency readings cannot supercede the language of the Act. *Wisdom v. Norton, supra*, 507 F.2d at 756.

*McLean v. Mathews, supra* at 287.[9]

This court agrees with the analysis of the statutory language of 42 U.S.C.

---

**9.** In light of the *McLean* case, and other cases brought in other districts, the Secretary of HEW (now HHS) amended the regulations regarding sanctions for persons who reside in WIN districts, and state plan requirements.

*See, e.g.*, 45 CFR § 233.100, quoted above. New York also changed its regulation regarding the sanctions to be applied to WIN participants. The new regulation imposes an open ended sanction on WIN participants, while im-

§ 602(a)(19)(F) contained in the *McLean* case. Since the "if and for so long as" language is equally applicable to non-WIN recipients of ADC benefits, the state's application of a fixed sanction in this case violates federal law. Accordingly, the ninety (90) day fixed sanction applied to Mr. Church's ADC benefits is invalid.

■ The state defendants argue that these fixed sanctions should be upheld because they are a reasonable and logical interpretation of the law. According to this argument, fixed sanctions are necessary because recipients would otherwise be allowed to refuse employment, be sanctioned for a short period of time, and then "comply" as soon as the employment was no longer available. Such would be contrary to the spirit of the program. However, these considerations must fail in the face of the plain language of the legislation. This type of sanction has been applied in the WIN context for a number of years. If the work requirements are contravened so easily, it is reasonable to assume that remedial legislation would have been forthcoming. Also, as the plaintiff points out, repeated contravention of the work requirement would constitute fraud, which is addressed by the New York regulations at 18 NYCRR § 348.

■ Further, the state defendants argue that the sanctions contained in 18 NYCRR § 385.8 have been specifically upheld by the New York State Court of Appeals in *Barie v. Lavine,* 40 N.Y.2d 565, 388 N.Y.S.2d 878, 357 N.E.2d 349 (1976). However, that case involved the state-funded program of Home Relief. There is no requirement in that program that the state must comply with the Social Security Act. The plaintiff's motion for summary judgment, requesting a declaration that the state's imposition of a fixed sanction in regard to ADC benefits is invalid, is hereby granted. The state defendants' motion for summary judgment, requesting a declaration that the application of a fixed sanction in this case is valid, is denied.

posing fixed sanctions on persons who do not reside in WIN districts. *Compare* 18 NYCRR

## IV

The plaintiff's claims against the federal and state defendants concern the state's application of the federal regulations regarding the Food Stamp Program. The plaintiff asserts that the imposition of a sanction preventing his household from getting food stamps until he obtains another job, or two months (whichever is first) violates the statutory language contained in 7 U.S.C. § 2015(d). According to that statute:

no household shall be eligible for assistance under this chapter if it includes a physically and mentally fit person between the ages of eighteen and sixty who (i) refused at the time of the application and once every six months thereafter to register for employment in a manner determined by the Secretary; (ii) refuses to fulfill whatever reasonable reporting and inquiry about reporting requirements as are prescribed by the Secretary; (iii) is head of the household and voluntarily quits any job without good cause, unless the household was certified for benefits under this chapter immediately prior to such unemployment; Provided, That the period of eligibility shall be sixty days from the time of the voluntary quit; or (iv) *refuses without good cause to accept an offer of employment....*

(emphasis supplied).

The Secretary of Agriculture, under the broad authority given to him by 7 U.S.C. § 2013(c), is empowered to "issue such regulations not inconsistent with this chapter, as he deems necessary or appropriate for the effective and efficient administration of the food stamp program." The Secretary has promulgated regulations implementing § 2015(d) at 7 CFR 273.7 (1981). The regulations challenged here are 7 CFR 273.7(f) and (h) (1981). 7 CFR § 273.7(f) (1981) states that

if the state agency determines that a household member, ... refused or failed without good cause to comply with the

§ 388.11 (WIN sanctions) *with* 18 NYCRR § 385.8 (non-WIN sanctions).

requirements of this section, the household shall be ineligible to participate until the member complies with the requirements in paragraph (h) of this section, the member becomes exempt, or for two months, whichever is earlier.

7 CFR 273.7(h) (1981) provides that eligibility may be established or re-established within a disqualification period if the household . . . is otherwise eligible and the member . . . becomes exempt from the work requirements, or the member . . . complies as follows . . .

(5) refusal to accept a bona fide offer of suitable employment to which referred by the state employment service office—acceptance of this employment, or any other employment which yields earnings per week equivalent to the refused job, of any other employment of at least 30 hours per week, or of less than 30 hours per week with weekly earnings equal to the federal minimum wage multiplied by 30 hours.

■ Plaintiff asserts that the regulations are invalid because the statute uses the word *refuse*, while the regulations impose sanctions for *refusing or failing* to comply with the work registration and acceptance requirements. According to the plaintiff, the use of the word refuse in the statute indicates that Congress meant only to sanction those persons who have made the choice to refuse to comply with the requirements, rather than those who have not complied due to circumstances beyond their control. Plaintiff asserts that since the regulations sanction those individuals who have failed to comply, as well as those who have refused to comply, they are invalid. However, the operative phrase in the regulations is "refuse or fail to comply *without good cause.*" In 7 CFR § 273.7(g) (1981), good cause is defined as "includ(ing) circumstances beyond the (household) member's control," which would eliminate any unintentional failure to comply with the work requirements. At any rate, there is no question here that this plaintiff *refused* to comply with the requirements on August 13, 1970. He chose to leave the employ-

ment office without accepting the job, even though it had been offered to him.

■ The plaintiff further argues that that language of the statute indicates that a household is only ineligible for food stamps as long as the member who is subject to these requirements wilfully refuses to comply with them. Therefore, Mr. Church could be sanctioned until August 30, 1979, the date that he indicated his willingness to accept the job offered to him, or any other job to which he would be referred by the employment office. According to this argument, once the member indicates that he *intends* to comply with the statute, he can no longer be sanctioned. The statute does not, however, clearly indicate that the sanction is only to be applied to the *exact* period of time that the recipient refuses to comply. There is no restrictive "if and for so long as" clause in this statute as there is in the Social Security statute analyzed in the preceding section. The Secretary of Agriculture is empowered then, under the broad authority given to him in 7 U.S.C. § 2013, to impose any sanctions that are rationally related to the enforcement of the law. *Knebel v. Hein*, 429 U.S. 288, 97 S.Ct. 549, 50 L.Ed.2d 485 (1977). *See also, Mourning v. Family Publications Service*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *Nat'l Assn. of Pharmaceutical Mfgrs. v. FDA*, 637 F.2d 877 (2d Cir. 1981); *Termini v. Califano*, 611 F.2d 637 (2d Cir. 1979) (rational basis test for rule-making authority). The plaintiff has not made any argument that the regulation is not rationally related to the enforcement of the work requirements.

■ As a corollary to his argument regarding the proper meaning of the work "refuse", Mr. Church contends that the legislative history indicated that Congress meant to incorporate the WIN model regarding work registration requirements in the 1977 amendments to the Food Stamp Act. Congress did state at that time that the WIN model should govern the work registration requirements to the "maximum extent practicable". House Rep. No. 95–464, 95th Cong., 1st Sess., 167 (1977), *re-*

*printed in,* [1977] U.S.Code Cong. & Admin. News 1704, 2137. As the federal defendant points out, however, a closer look at the legislative history regarding the work requirements for the food stamp program belies the plaintiff's argument that Congress meant to adopt the type of sanction that is contained in the WIN program.

First, Congress rejected an attempt to fully incorporate the WIN model work registration requirements in place of those already contained in the law. In fact, the Committee specifically endorsed the sanctions that were in force at the time the 1977 amendments were being debated. House Rep., *supra* at 168, [1977] U.S.Code Cong. & Admin.News, *supra* at 2138. At that time, the law sanctioned a household that contained a member who refused to comply with the applicable work requirements until compliance or one year, whichever came first. The old regulations, found at 7 CFR §§ 271.3(d)(2)(i), 271.3(d)(2)(ii), 271.-3(d)(2)(ii)(e) (1977), stated:

> Such ineligibility shall continue:
> (i) for one year from the date of the refusal without good cause to comply with such requirements; or
> (ii) until such [member] . . . complies as follows: . . .
> (e) refusal to accept a bona fide offer of suitable employment—acceptance of such employment or other employment of at least 30 hours per week.

The Congress outlined the regulations then in effect, and asserted that there was a gap in the statute regarding individuals who voluntarily quit their jobs, and then applied for food stamps. The law was amended to provide a sixty (60) day sanction for those individuals. Previously, this situation was not treated at all in either the law or regulations. Congress specifically emphasized that the imposition of the sixty (60) day sanction for voluntary quits did not mandate° a change in the regulations regarding the other work requirements. The report stated that:

> [t]he Committee wished to stress that the current regulations on the other three categories of required acts would contin-

ue to govern in the absence of statutory change.

House Rep., *supra* at 168, [1977] U.S.Code Cong. & Admin.News, *supra* at 2138.

In promulgating regulations to implement the 1977 amendments the Secretary of Agriculture decided that it would be more efficient to change the 60 day sanction for voluntary quits to two months, since eligibility for the food stamp program is calculated on a month to month basis. 43 Fed.Reg. 47861 (October 17, 1978). At the same time, the Secretary also decided, even though Congress had mandated no change, to revise the outside limit of the sanction applied in the other three categories to two months. The new regulations, like the old ones quoted above, stated that in order to comply with the requirement that a member accept a bona fide offer of suitable employment, the individual must accept that job, or its equivalent. Since Congress had reviewed and accepted the old regulations, which put the same conditions on compliance with that particular work requirement, the plaintiff's argument that Congress only meant to sanction a person for the exact period of time he consciously refused to comply with the requirement must fail.

■ By the same token, Mr. Church's argument regarding the application of the doctrine of *expressio unius est exclusio alterius* cannot succeed. The plaintiff contends that since Congress only provided for a specific fixed sanction for 60 days in regard to voluntary quits, and did not mention any specific sanction in regard to the violation of other requirements, Congress did not intend that persons in the other categories be subjected to a two month fixed sanction. The plaintiff is correct insofar as Congress did not contemplate a two month *fixed* sanction for the other categories. However, Congress did endorse a one year open-ended sanction, therefore, it can be assumed that Congress would view a two month open-ended sanction as within the limits of the Secretary of Agriculture's authority.

■ Finally, Mr. Church asserts that the regulation is unfair in its application to his particular circumstances. According to plaintiff, Delaware County does not have many job referrals. This makes it virtually certain that the plaintiff will be sanctioned for the entire two months. Mr. Church would then be subjected to a *de facto* fixed sanction, which is not authorized by Congress. The Court recognizes that the regulation may be unfair to Mr. Church. The test in upholding a regulation of this sort is not the results of its application in a particular case, but whether the regulation exceeds the Secretary's statutory authority. *Knebel v. Hein, supra,* 429 U.S. at 294, 97 S.Ct. at 553.

This Court has concluded, based on the legislative history, that the Secretary is authorized to promulgate the regulations in question. The federal and state defendants' motions for summary judgment, asking for a declaration of the validity of these regulations is hereby granted. The plaintiff's cross motion for summary judgment requesting a declaration that the regulations are invalid is hereby denied.

In conclusion, this Court disposes of this case in the following manner:

(1) Plaintiff's motion for summary judgment, declaring 18 NYCRR § 385.8(b) invalid insofar as the regulation imposes a fixed sanction upon a participant's ADC benefits for a failure to comply with work requirements, is granted. The state defendants' cross motions in this regard are denied.

(2) The state and federal defendants' motions for summary judgment, declaring the regulations as promulgated and administered by defendants pertaining to disqualification of a household from the food stamp program for a household member's refusal to comply with applicable work requirements are valid, are granted. The plaintiff's cross motion in this regard is denied.

IT IS SO ORDERED.