■ In the Matter of KEVIN VAUGHN, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of respondent commissioner of the New York State Department of Social Services which, *inter alia,* sustained a determination of respondent Saratoga County Commissioner of Social Services denying petitioner's reapplication for public assistance. Petitioner was a recipient of Aid to Dependent Children benefits on behalf of himself and his minor son when, on August 19, 1980, the Saratoga County Department of Social Services (hereinafter local agency) discontinued petitioner's portion of the grant because he did not report to the New York State Employment Service on that date for check pick up and referral to employment and did not provide a valid reason for his failure to report. At petitioner's request a hearing was conducted on September 18, 1980 relative to this matter, after which, by decision of November 18, 1980, the Commissioner of the New York State Department of Social Services (hereinafter commissioner) affirmed the local agency's determination and disqualified petitioner from receiving benefits for 30 days and until he was willing to comply with the requirements relating to employable persons, effective December 1, 1980. Subsequently, on December 8, 1980, the local agency notified petitioner that it intended to reduce his son's grant by 10% in order to recoup assistance provided to petitioner during September, October and November of 1980 while the fair hearing decision was pending, and on February 5, 1981, the local agency denied petitioner's reapplication, made on January 7, 1981, for public assistance for himself under his son's grant. Challenging as improper the local agency's decisions to recoup assistance given petitioner by reducing his son's grant and to deny petitioner's reapplication for assistance, petitioner again

sought a hearing and one was held on February 17, 1981. Thereafter, the commissioner ruled that it was error to reduce the son's grant to recoup the assistance given petitioner, and she ordered that any moneys so recouped be restored. As for the denial by the local agency of petitioner's reapplication for assistance, however, the commissioner concluded that this action was correct and should not be disturbed. The instant proceeding ensued, and we hold that the commissioner's determination should be confirmed. In so ruling, we note initially that it is uncontested that it was improper for the local agency to recoup assistance given petitioner by reducing his son's grant. Since only the son was still receiving assistance and petitioner's assistance had been terminated, the son's grant provided the only corpus from which recoupment could be made, and such recoupment could not be permitted because the son had no other income or resources other than his public assistance grant (see former 18 NYCRR 352.31 [d] [1] [ii] as then in effect). Moreover, there is also substantial evidentiary support in the record for the commissioner's decision to deny petitioner's reapplication for public assistance. On this issue, the commissioner emphasized in her decision that the denial was not based solely upon petitioner's status as a full-time student at Skidmore College (see *Jefferies v Sugarman,* 481 F2d 414, cert den 420 US 924). When this factor is considered together with other evidence indicating that petitioner had filed only one job application between July of 1980 and January of 1981, however, it is clear that the commissioner was justified in denying assistance to petitioner upon the ground that he was not actively seeking employment (cf. *Matter of Bruch v Lascaris,* 67 AD2d 810; *Matter of Martin v Berger,* 55 AD2d 1030). Furthermore, given petitioner's record as detailed above, it was certainly not unreasonable nor a denial of equal protection for the local agency to require petitioner to submit documentation establishing that he was actively seeking employment (see 18 NYCRR 385.3 [a] [4]). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.