■ In the Matter of VICTOR DELGADO, on Behalf of Himself and Other Persons Similarly Situated, Appellant, v GEORGE G. SIPPRELL, as Commissioner of the Erie County Department of Social Services, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Appellant is a 25-year-old college student. Prior to 1974 he lived in an apartment without cooking facilities and received public assistance which consisted of both a shelter allowance and a restaurant allowance. In 1974 he moved to an apartment which contained cooking facilities and his restaurant allowance was, therefore, discontinued. Appellant challenged the discontinuance of his restaurant allowance and at a fair hearing the local agency's determination was upheld. He did not appeal that decision. Appellant then moved out of the apartment with cooking facilities into new living quarters which did not contain cooking facilities and then requested the restoration of his restaurant allowance. His request was denied and the local agency's determination was upheld at a subsequent fair hearing because appellant had voluntarily left accommodations in which cooking facilities were available and moved into accommodations in which they were not available. The commissioner held that under those circumstances appellant had failed to use his available resources to eliminate or reduce his need for public assistance (see 18 NYCRR 352.23). The nature and amount of public assistance is specified in section 131-a of the Social Services Law which provides for grants for shelter and also an "additional cost of meals for persons who are unable to prepare meals at home" (see, also, 18 NYCRR 352.7 [c]). The legislation and the rules thus provide for an appropriate finding by respondent that the applicant is unable to prepare meals at home before a restaurant allowance is granted. The record is devoid of any reason for appellant's departure from his former apartment and his failure to appeal the prior finding that the apartment had suitable cooking facilities indicates his acceptance of it. There is no proof to suggest that he was forced out of the premises or that the premises were in any way unsatisfactory. In the absence of evidence showing that he was unable to cook and that he moved for reasons other than his personal convenience, respondent could properly

find that appellant was not a person "unable to maintain" himself and that he had failed to use the resources available to him to reduce his need for public assistance (Social Services Law, § 131, subd 1; 18 NYCRR 352.23; cf. *Matter of Barie v Lavine,* 48 AD2d 36, 38-39, affd 40 NY2d 565). We have considered the other point in appellant's brief and find no merit to it. (Appeal from judgment of Erie Supreme Court—article 78.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.