OPINION OF THE COURT
Jones, J.
We uphold the practice of the State Department of Social Services, in reckoning the amount of aid to dependent children benefits (AFDC), first to allocate Federal educational grants to the payment of educational and education-related expenses, and in the event of an excess of such expenses then to allocate State and private educational grants to such excess to the extent required, with any remáining surplus of grant to be considered as available income in computation of the AFDC allowance.
In the present case during the period petitioner was eligible for AFDC she was attending Albany Business College. Her educational expenses, made up of tuition ($800), fees ($50), and books ($75), totaled $925. She was receiving educational grants —a Federal Basic Education Opportunity Grant (BEOG) of $700 and a New York Tuition Assistance Program (TAP) grant of $750. The Albany County Department of Social Services in recomputing her AFDC entitlement first applied the BEOG against the educational expenses, leaving an excess of such expenses of $225. The county department then allocated that amount of the TAP grant for this purpose and considered the $525 resulting balance of the TAP grant as available income in computing petitioner’s AFDC allowance.
After a fair hearing the State Commissioner of Social Services upheld the action of the local department. Petitioner thereupon instituted the present proceeding under CPLR article 78 to review the State commissioner’s determination. Special Term annulled the determination and the Appellate Division reversed. We now affirm the Appellate Division, thereby upholding the method of computation employed by the local department and approved by the State commissioner.
*355 Inasmuch as the State of New York has elected to participate in the Federal aid to families with dependent • children program, Federal statutes and regulations are controlling to the extent that they are applicable (Matter of Dunbar v Toia, 45 NY2d 764, 766 [decided herewith]). By way of relevant statutory provision, section 602 (subd [a], par [7]) of title 42 of the United States Code provides: "A State plan for aid and services to needy families with children must * * * provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children” (emphasis added). Section 507 of Public Law 90-575 (82 US Stat 1063) provides: "For the purpose of [the aid to families with dependent children program, inter alia] no grant or loan to any undergraduate student for educational purposes made or insured under any program administered by the Commissioner of Education shall be considered to be income or resources.” Federal regulations adopted to implement the AFDC program provide that, in determining the availability of income and resources, grants (such as scholarships) which are obtained and used under conditions that preclude their use for current living costs shall not be included as income (45 CFR 233.20 [a] [3] [iv] [b]), and further provide that, in determining need and the amount of the assistance payment, any grant to an undergraduate student for educational purposes made or insured under programs administered by the Commissioner of Education shall be disregarded as income and resources (45 CFR 233.20 [a] [4] [ii] [d]).
Pertinent regulations of the New York State Department of Social Services provide that no part of a grant that is necessary to cover the cost of necessary or essential school expenses (e.g., tuition, books, fees, equipment, special clothing needs, transportation to and from school, and child-care services necessary for school attendance), and is actually so used, shall be considered as income in determining need and amount of assistance (18 NYCRR 352.16 [c] [1]), and that no grant to an undergraduate student for educational purposes made or insured under any program administered by the United States Commissioner of Education shall be considered as income or resources in determining need and amount of assistance (18 NYCRR 352.16 [c] [2]).
For purposes of the present proceeding, petitioner concedes that to the extent TAP and other non-Federal educational *356 awards exceed necessary and essential school expenses as defined in 18 NYCRR 352.16 (c) (1) such excess may properly be considered income and resources for the purpose of determining AFDC allowances. It is petitioner’s contention, however, that in computing the amount by which such non-Federal educational awards exceed necessary and essential school expenses it is improper under the applicable statutes and regulations first to reduce such expenses by the amount of BEOG or other Federal educational grants. The county department and the State commissioner interpret the same statutes and regulations to permit the application of both Federal and State educational grants to defray actual educational expenses for which they were awarded. They recognize that any excess of a Federal grant over actual educational expenses cannot be considered in determining public assistance needs, but assert that no such restriction applies to any excess of a State educational grant. Finally, it is their position that in applying Federal and State educational grants, they may apply them against actual educational expenses in that order, i.e., first the more restricted Federal grant and then the less restricted State grant, thereby to produce the final maximum deduction in computation of public assistance entitlement.
 Initially we observe that the interpretation placed on the statutes by the commissioner should be accepted if it is not irrational or unreasonable (Matter of Howard v Wyman, 28 NY2d 434, 438). It cannot be said, absent an explicit restriction, that it is irrational to apply an educational grant to educational expenses, the very purpose for which the grant was awarded. Thus, we start with the premise that either BEOG or TAP awards may properly be allocated to actual educational expenses. Inasmuch as there is a restriction on the application of any excess of the Federal grant whereas no such restriction attaches to any excess with respect to the State grant, it is apparent that different consequences will attend the order of application of the two educational grants. We perceive no proscription in statute or regulation against the commissioner’s selecting a priority of application which will operate to produce the maximum reduction in the public assistance grant. From the recipient’s point of view, much as she might enjoy the use of the additional funds, it was the purpose of both educational grants to meet the legitimate costs of education, not to provide the grantee with free funds in excess thereof. In a practical sense the BEOG and TAP awards may be said to overlap, and to that extent to be *357 duplicative. From the standpoint of the public fisc, it makes little sense to urge that public assistance funds should be expended notwithstanding that the recipient has an excess of funds to meet her educational needs. If it be considered that educational funds are being used to subsidize welfare programs, the remedy, if any be needed, lies in the monitoring of educational grants to eliminate duplication.
The allocation procedure employed by the State commissioner satisfies both the objective of the educational grant programs (to enable the grantee to obtain an education which otherwise might be denied her) and the two-fold objectives of the AFDC program (to furnish financial assistance to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life, and to help such parents or relatives to attain or retain capability for maximum self-support [US Code, tit 42, § 601]), while practicing a responsibly frugal stewardship of available public assistance funds.
Finally, it is not without significance that the officials of the Federal Department of Health, Education and Welfare advise that the allocation procedures employed by the State commissioner are acceptable to the Federal authorities from both a legal and a programmatic point of view.*
We therefore reject the contentions advanced on behalf of petitioner and sustain the determination made by the State commissioner. (Cf. Richman v Juras, 393 F Supp 349.)
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

 See letters from the Acting Assistant Regional Commissioner for the Office of Family Assistance, which accompany respondents’ brief in this court.