## (March 29, 1979)

■ In the Matter of FARNUM STEVENS, Petitioner, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) seeking an amendment of a decision by the Commissioner of the Broome County Department of Social Services, which denied petitioner a grant to provide for the additional cost of meals for a person unable to prepare meals at home. Petitioner, a recipient of home relief, resided with another individual in an apartment with cooking facilities until this other individual was placed in a nursing home. He thereafter moved into a residence without cooking facilities. Effective November 1, 1976, petitioner was granted a restaurant allowance by the Broome County Department of Social Services. He was instructed, however, to find other living arrangements where he would have access to cooking facilities. Petitioner did not seek new living arrangements and by a notice of intent to reduce public assistance dated February 18, 1977, petitioner was notified that his restaurant allowance was to be discontinued effective March 1, 1977. A fair hearing, requested by petitioner, was then held at which petitioner testified that he was a chronic alcoholic, that he knew how to cook but that in his condition he did not feel he could cook. Medical documentation was also submitted at the hearing attesting to petitioner's chronic alcoholic condition. There are no statements contained in such documentation, however, concerning petitioner's ability or inability to prepare his own meals or perform other particular functions other than the opinion that petitioner's condition renders him unemployable. Following the hearing, the State Commissioner of Social Services affirmed the determination discontinuing petitioner's restaurant allowance concluding that pe-

titioner had previously lived in premises with cooking facilities, and that he had been afforded a reasonable opportunity to find suitable accommodations but had failed to avail himself of the opportunity to search for such facilities. In this CPLR article 78 proceeding, petitioner seeks review of the commissioner's determination. Initially, petitioner contends that the determination requiring him to search for and move to a residence with cooking facilities is arbitrary and capricious and in violation of the Social Services Law. Subdivision 1 of section 131-a of the Social Services Law provides for grants for the "additional cost of meals for persons who are unable to prepare meals at home". (See, also, 18 NYCRR 352.7 [c].) The commissioner has interpreted section 131-a and 18 NYCRR 352.7 as precluding a person capable of preparing meals from receiving a restaurant allowance if such person fails to move to a residence with cooking facilities within a reasonable amount of time after being given the opportunity to do so. The commissioner's interpretation should be upheld if it is not irrational or unreasonable *(Matter of Lumpkin v Department of Social Servs. of State of N. Y.,* 45 NY2d 351, 356). In light of the settled purpose of the Social Services Law to provide for only those unable to maintain themselves (see *Matter of Barie v Lavine,* 40 NY2d 565, 567; Social Services Law, § 131, subd 1), we are of the view that the construction given section 131-a by the commissioner in the present case is neither irrational nor unreasonable. Consequently, petitioner has failed to demonstrate that the decision under review is arbitrary or capricious. Upon consideration of the entire record, we are also of the opinion that there is substantial evidence to support the determination that petitioner is able to prepare meals at home. The commissioner could reasonably find that petitioner's alcoholic condition did not render him incapable of preparing his meals. In view of the fact that there is substantial evidence in the record to support the commissioner's determination, it should not be disturbed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). We have examined petitioner's remaining arguments and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Herlihy, JJ., concur.