In the Matter of STEVEN HILL, Respondent, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.

First Department, January 29, 1991

▮▮▮▮▮▮▮▮▮▮▮▮

### APPEARANCES OF COUNSEL

*Eugene E. Zegarowicz* of counsel *(Robert J. Schack* with him on the brief; *Robert Abrams, Attorney-General,* attorney), for appellant.

*Geoffrey Potter* of counsel *(Douglas Lasdon* with him on the brief; *Legal Action Center for the Homeless,* attorney), for respondent.

### OPINION OF THE COURT

KASSAL, J.

In this proceeding pursuant to CPLR article 78, respondent Commissioner of the New York State Department of Social Services[1] appeals from the grant of the petition and the award to petitioner of five months' retroactive supplemental food benefits totaling $85 (144 Misc 2d 822). For the reasons that follow, we conclude that these benefits are legislatively mandated, and that respondent's denial thereof was arbitrary and capricious.

Petitioner, Steven Hill, is a longshoreman who lived and worked in Staten Island until his employer of 13 years went bankrupt in November 1986. Unable to find work, petitioner exhausted his unemployment insurance and savings, and was soon rendered homeless. At the Ward's Island Shelter, where petitioner eventually came to be housed, he applied for public assistance, for the first time in his life, and began to receive Home Relief benefits in the amount of $45 per month.

Petitioner also sought a supplemental food allowance under Social Services Law § 131-a (2) (b), a benefit which the Legislature has provided to meet the "additional cost of meals for persons who are unable to prepare meals at home". The regulation implementing Social Services Law § 131-a (2) (b), 18 NYCRR 352.7 (c), states, in pertinent part, as follows:

*"Additional costs of meals.* Each social services district shall provide for the additional cost of meals for persons unable to prepare meals at home in accordance with the following schedule:

---

[1]. Respondent Commissioner of the New York City Human Resources Administration has chosen not to appeal.

"SCHEDULE SA-5

"RESTAURANT ALLOWANCE SCHEDULE

"Monthly allowances to be added to appropriate monthly grants and allowances for combinations of restaurant meals and meals prepared at home, including sales tax.

| | |
|---|---|
| "Dinner in a restaurant | $29.00 |
| "Lunch and dinner in a restaurant | $47.00 |
| "All meals in a restaurant | $64.00". |

These monthly supplemental food allowances average approximately $2.14 per day, comprising 57 cents for breakfast, 60 cents for lunch and 97 cents for dinner.

Originally denied the allowance for all three meals because the Ward's Island Shelter was required to provide a breakfast, lunch, and dinner,[2] petitioner demanded a fair hearing, and ultimately succeeded in obtaining the supplemental food benefits for lunch and dinner, which were served during hours he was absent due to mandatory participation in a public works program. However, petitioner was present when the shelter began dispensing the morning meal—consisting of what he described as "thin" coffee accompanied by a cup of dry cereal —and he was, therefore, denied supplemental breakfast benefits. This article 78 proceeding ensued.

In the context of interpreting another section of the Social Services Law, the Court of Appeals recently observed that proper "[a]nalysis starts with the language of the statute". (Jiggetts v Grinker, 75 NY2d 411, 417.) The court went on to hold that where the word "shall" is utilized in a statute, it "import[s] duty, not discretion", and "imposes on public welfare districts an obligation to provide [the subject] benefits" (supra, at 417). Here, the pertinent language of Social Services Law § 131-a (2) (b) comes immediately within that rule, providing that a public assistance recipient's grant "shall include * * * amounts for additional cost of meals for persons who are unable to prepare meals at home" (emphasis added). Since it is undisputed that petitioner comes within the category of persons intended to be benefitted, the supplemental food allowance in issue is statutorily mandated and may not be subject to respondents' discretion.

It is respondents' contention that the statutory duty im-

---

2. Pursuant to 18 NYCRR 491.9 (a), a local Social Services Department shelter must serve three meals a day "which are balanced, nutritious and adequate in amount and content to meet the dietary needs of residents".

posed by Social Services Law § 131-a (2) (b) is met through the provision of the shelter breakfast, and that affording petitioner the supplemental grant would duplicate the breakfast benefit. In so arguing, respondents make no attempt to establish that the value of the shelter breakfast equals or approximates the grant amount of 57 cents allotted for that meal, or to otherwise correlate its monetary worth with the sum allotted for breakfast supplementation. Nor do respondents address the problem, specifically raised by petitioner and not disputed by respondents, that with only one small cafeteria at the Ward's Island Shelter, the 1,000-plus residents must eat in shifts from 7:00 A.M. to 9:00 A.M., and some go without food when breakfast service is promptly ended at 9:00 A.M.

In short, respondents interpret Social Services Law § 131-a (2) (b), to permit the requirement for a supplemental food allowance to be satisfied through the provision of shelter meals chosen without reference to monetary or nutritional value, and dispensed in accordance with institutional scheduling and without regard to whether the residents in fact receive food. We reject this construction in light of the clear legislative mandate set forth in Social Services Law § 131-a (2) (b) and would, in any event, deem such a construction irrational and unreasonable. *(See, Matter of Howard v Wyman,* 28 NY2d 434, 438.)

Moreover, it is not unusual for a public assistance recipient who has access to meals to receive additional food benefits. Thus, for example, the receipt of three meals does not affect eligibility for food stamps. (18 NYCRR 387.11 [c].) Similarly, supplemental food allowances under Social Services Law § 131-a (2) (b) are not set off by a public assistance recipient's acceptance of food from a soup kitchen or other charitable source. Indeed, Social Services Law § 131 (11) expressly authorizes social services officials to "furnish assistance which duplicates assistance already granted". *(See, also, Rodriguez v Cuomo,* 751 F Supp 363 [SD NY]; *Clifford v Janklow,* 733 F2d 534 [8th Cir 1984].)

Nor are we persuaded that a result other than that we reach here is suggested by the determinations in *Matter of Stevens v Shang* (68 AD2d 998) where petitioner was given an opportunity to find housing with cooking facilities, but failed to do so, claiming an inability to cook, or *Matter of Delgado v Sipprell* (54 AD2d 1131) where petitioner moved from an apartment with cooking facilities to one without any, for the sole purpose of obtaining the supplemental food allowance.

Accordingly, the order and judgment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered November 28, 1989, which granted the petition in this proceeding pursuant to CPLR article 78 and awarded petitioner retroactive benefits in the amount of $85, should be affirmed, without costs.

MILONAS, J. P., ROSENBERGER, ASCH and RUBIN, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered November 28, 1989, affirmed, without costs and without disbursements.