OPINION OF THE COURT
Simons, J.
The Social Services Law directs social service officials to provide assistance to needy persons in accordance with a defined "standard of need” (Social Services Law § 131-a [1]). Included in this standard are "amounts for additional cost of meals for persons who are unable to prepare meals at home” (Social Services Law § 131-a [2] [b]). Petitioner resides in a public shelter and contends that he is entitled to a food allowance because he is unable to prepare meals at home. After respondent Commissioner denied his application, petitioner instituted this proceeding. The courts below sustained *353 his claim but we conclude that the Commissioner’s decision should be upheld and the petition dismissed.
Petitioner is a resident at the Ward’s Island Shelter and receives a monthly $45 Home Relief grant in exchange for working 20 hours per week in the Public Works Program. The shelter is required by regulation to provide three meals each day which are "balanced, nutritious and adequate in amount and content to meet the dietary needs of residents” (18 NYCRR 491.9 [a]). Nonetheless, petitioner requested a food allowance pursuant to Social Services Law § 131-a (2) (b).[1] The Commissioner denied the request after an administrative hearing, determining that the provision of meals at the shelter precluded petitioner from qualifying for a food allowance. The Commissioner did, however, award him retroactive relief for certain lunches and dinners, inasmuch as petitioner necessarily missed those meals while he was working in the Public Works Program.
Petitioner commenced this CPLR article 78 proceeding alleging that respondent’s decision was arbitrary and capricious. Supreme Court granted the petition and the Appellate Division affirmed. Relying upon our decision in Jiggetts v Grinker (75 NY2d 411), it held that the food allowance is mandated and the Commissioner is without discretion to deny it to persons, such as petitioner, who cannot prepare meals at home. In Jiggetts, we held that the Commissioner had a nondiscretionary duty to provide "adequate” shelter allowances and that the petitioners were entitled to a trial to establish the allowances provided were not adequate. Our decision in Jiggetts is inapposite because it is not disputed here that the Commissioner lacks discretion to deny allowances to qualified persons: the question is whether petitioner is such a qualified person. Needy persons who cannot prepare meals at home do not qualify automatically for the statutory allowance.
Social Services Law § 131-a (2) (b) includes in the definition of the standard of need "amounts for additional cost of meals for persons who are unable to prepare meals at home” (emphasis added). Applicants for food allowances must show that *354 their inability to prepare meals at home results in a need to incur the "additional cost” of eating out. Assuming petitioner qualifies as a person unable to prepare meals at home, he cannot show that he necessarily incurs "additional cost” for meals because he was a resident of the shelter and as such the shelter was required to provide meals to him at no cost (see, 18 NYCRR 491.9; cf., Matter of Stevens v Shang, 68 AD2d 998; Matter of Delgado v Sipprell, 54 AD2d 1131 [upholding denial of food allowance where applicants failed to show that they needed to be in residences without cooking facilities]).[2] The Appellate Division’s conclusion that the word "shall” in the statute mandates payment of the allowance to "supplement” Home Relief payments, notwithstanding the availability of meals to petitioner at the shelter, fails to give meaning to the language of the statute directing payment only when the applicant incurs "additional cost” for meals.
Moreover, considering that petitioner lived at the shelter and his meals were prepared at the shelter, the Commissioner could reasonably conclude that the shelter was petitioner’s "home” and that he did not fall within the category of persons "unable to prepare meals at home.” Petitioner’s position could reasonably be viewed as similar to one residing at home whose meals were prepared by another person living there.
Inasmuch as the Commissioner’s determination that petitioner had "no additional need for meals” because he was able to eat at the shelter rested on a rational interpretation of the statute, it should be accepted by the court (Matter of Lumpkin v Department of Social Servs., 45 NY2d 351, 356).
Accordingly, the order of the Appellate Division should be reversed and the petition dismissed, without costs.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.

. Social Services Law § 131-a (2) (b) provides in pertinent part: "In addition to the above, the standard of need shall include amounts for shelter and fuel for heating, amounts for home energy payments (including amounts for supplemental home energy grants), amounts for additional cost of meals for persons who are unable to prepare meals at home” (emphasis added).

. Meals obtained from charitable sources, such as soup kitchens, would not affect an applicant’s food allowance because provision of these meals are not mandated, nor are the charitable sources associated with the Department of Social Services (see, 18 NYCRR 491.9).