■ KATE McCAFFREY et al., Appellants, v ELIZABETH PERSUAD, Respondent. [600 NYS2d 71] —Order of the Supreme

Court, New York County (Harold Tompkins, J.), entered on September 23, 1992, which granted defendant's motion to vacate the default against her, is unanimously reversed on the law, the facts and in the exercise of discretion unless defendant pays $5000 to plaintiffs within 30 days of the date of this order, and if this condition is complied with the order is affirmed, with costs and disbursements.

Pursuant to CPLR 5015 (a), a default may be vacated "upon such terms as may be just" where "the movant can establish that his or her default was excusable and that he or she has a meritorious defense to the action" (38 Holding Corp. v City of New York, 179 AD2d 486, 487). Plaintiffs herein, present and former tenants of a building owned by defendant, instituted this lawsuit to recover damages for rent overcharges, trespass and unfair business practices. They made repeated and varied attempts to effect service upon defendant, including by personal delivery, but defendant either refused to accept the papers or simply ignored them. In any event, her failure to answer resulted in a default. Even after the matter had proceeded to an inquest, plaintiffs were awarded a substantial judgment, and they had started to take steps to obtain satisfaction, defendant still made no appearance or response. It was not until an order was issued authorizing the sale of a cooperative apartment owned by defendant that she finally became involved in the action by moving to vacate the default judgment.

In now arguing that the Supreme Court properly granted her motion, defendant attacks both the merits of plaintiffs' complaint, the practices of their counsel and the validity of the service of process against her. However, it is inconceivable that in the more than one and one-half years that elapsed between the commencement of the litigation and defendant's motion to vacate the default she had no knowledge of what was transpiring, particularly since there was substantial activity surrounding this matter while an inquest was held and plaintiffs endeavored to collect on their default judgment. Regardless of the substance of plaintiffs' claims against her, there was no justification for defendant's refusal to do anything until confronted with the possibility of losing her cooperative apartment. Accordingly, it was an abuse of discretion for the Supreme Court to grant vacatur without at least imposing some penalty upon defendant for her dereliction. Concur—Murphy, P. J., Sullivan, Milonas, Kupferman and Kassal, JJ.