■ AMERICAN TRANSIT INSURANCE COMPANY, Respondent, v JOSEPH A. SAVINO, JR., et al., Appellants, et al., Defendants. [603 NYS2d 43] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about August 26, 1992 denying the Savino defendants' motion to vacate a default judgment, unanimously affirmed, with costs. Appeal from order of the same court and Justice, entered on or about December 10, 1992, denying reargument of the August 26, 1992 order, unanimously dismissed as non-appealable, without costs.

The IAS Court properly denied appealing defendants' motion to vacate the default judgment of $531,131.59 entered against defendant Joseph A. Savino, Jr. and two corporate entities controlled by him, since movants failed to establish that the default was excusable and that a meritorious defense existed to this action seeking damages for movants' misappropriation of reinsurance premium payments made to them *(see, McCaffrey v Persuad,* 195 AD2d 344).

While movants contend that their second motion, denominated a "motion to reargue", was one for renewal, denial of which is appealable, the conclusory assertion that all premium payments made to movants had been turned over, was one made in the original motion, and thus the motion was indeed one for reargument *(see, Foley v Roche,* 68 AD2d 558, 567). Were we to treat the motion as one for renewal, because of a reference to a statute of limitations defense, we would nonetheless affirm. Movants failed to offer a valid excuse for not raising that issue initially *(see, supra,* at 568). Moreover, movants failed to establish that all the other causes of action sounding in breach of contract and breach of fiduciary duty,

governed by a six year statute of limitations, would have been similarly barred. Concur—Wallach, J. P., Ross, Asch and Rubin, JJ.