■ In the Matter of GREGORY CRAWFORD, on Behalf of Himself and All Others Similarly Situated, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. [612 NYS2d 573] — Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 8, 1993, which granted the motion by respondent Cesar A. Perales, as Commissioner of the New York State Department of Social Services ("the State Respondent") to vacate a default in opposing the underlying CPLR article 78 petition and which dismissed the petition, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion in vacating the State Respondent's default without imposing a sanction as a condition of vacatur, where, as here, the record reveals that the State Respondent, in seeking vacatur, met its burden of demonstrating both an excusable default, in that the failure to answer was attributable to an excusable law office failure that was immediately remedied, and a meritorious defense to the action, raised in the cross-motion to dismiss the petition *(cf., McCaffrey v Persuad,* 195 AD2d 344). Vacatur was also appropriate in view of the strong public policy in this State favoring the determination of actions and proceedings on their merits *(Damselle, Ltd. v 500-512 Seventh Ave. Assocs.,* 184 AD2d 367), and since it is well settled that a challenge to an administrative body's determination should not be concluded in the petitioner's favor merely upon the basis of a failure to answer the petition on the return date thereof, " 'unless it appears that such failure to plead was intentional and that the administrative body ha[d] no intention to have the controversy determined on the merits' " *(Matter of Glenbriar Co. v New York City Conciliation & Appeals Bd.,* 93 AD2d 510, 513, quoting *Matter of Abrams v Kern,* 35 AD2d 971, 972).

Social Services Law § 131-a (1) sets forth the standards of assistance for single persons who are eligible for home relief and requires the social services officials to provide such assistance "in accordance with the provisions of this section and *regulations of the department"* (emphasis added), with the challenged Department regulation (18 NYCRR 352.8 [f]) specifically providing that "[a] single person who resides in a shelter for the homeless who has applied for and is found eligible for home relief must be paid a cash allowance of $45"

and that "[t]he remainder of said standard of need is to be met through the provision of items of need by the shelter".

The record demonstrates that there was a rational basis in granting petitioner, as a public shelter resident, a monthly public assistance allowance of $45 rather than the sum of $137.10 granted to single persons eligible for home relief who do not reside in public shelters (Social Services Law § 131-a). The State Respondent determined that the challenged regulation of the Department of Social Services (18 NYCRR 352.8 [f]) was in harmony with the Home Relief statute (Social Services Law § 131-a) and accordingly found petitioner to be ineligible to receive a pre-added allowance, a home energy allowance and a supplemental home energy allowance as part of his public assistance grant since the petitioner, as a shelter resident, received meals and lodging, provided to him by the public shelter (Matter of Hill v Perales, 78 NY2d 351, 353-354).

Petitioner's reliance upon Thrower v Perales (138 Misc 2d 172) is misplaced since the Thrower court specifically stated that it was not the court's "purpose to enable plaintiffs to receive in kind goods and services and full cash allowances" (supra, at 178).

Equally without merit is petitioner's contention that the failure to provide him with a full cash grant of $137.10 violated NY Constitution, article XVII, § 1, which provides that the aid, care and support for the needy shall be provided by the State "in such manner and by such means, as the legislature may from time to time determine", since the New York Court of Appeals (Matter of Bernstein v Toia, 43 NY2d 437) and the United States Supreme Court (Blum v Yaretsky, 457 US 991) have consistently recognized the broad discretionary power vested in the Legislature by article XVII (§ 1) with regard to the provision of public assistance to the needy, and that article XVII does "no more than authorize the legislature to provide funds for the care of the needy" (supra, at 1011), and does not mandate the provision of any particular care (see, Matter of Bernstein v Toia, supra, at 448).

Nor do the regulations and policies of the State Department of Social Services violate the petitioner's equal protection rights, since a classification based upon the fact that a person is receiving assistance through a shelter for the homeless is not a suspect classification (see, San Antonio School Dist. v Rodriguez, 411 US 1), and since the denial to the petitioner of a full cash grant has a rational basis premised upon the fact that persons living in homeless facilities receive shelter, food

and other assistance in kind within the shelters which are not provided by statute to those who maintain themselves in their own homes at their own expense *(see, Matter of Davis,* 57 NY2d 382, 388).

We have reviewed the petitioner's remaining claims and find them to be without merit. Concur—Carro, J. P., Wallach, Ross, Rubin and Tom, JJ.