OPINION OF THE COURT
Daniel D. Angiolillo, J.
The named petitioners have commenced identical proceedings pursuant to CPLR article 78 for review of a policy ban *778 ning smoking at the Westchester County Jail. Petitioners sought the issuance of a temporary restraining order, which relief was denied pursuant to CPLR 6313 (a) as the court will not restrain a municipal entity from the performance of its perceived duties without giving that entity an opportunity to be heard. In the orders to show cause issued to bring this proceeding on, the court indicated that the applications for temporary relief would be considered an application for a stay pursuant to CPLR 7805 and requested respondents to submit a response to that application prior to submitting their answer. Respondents submitted their papers in opposition to the request for a stay.
As indicated in the order to show cause, this court will apply the criteria used to assess an application for a preliminary injunction in determining whether to grant a stay. (See, Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7805, 1994 Pocket Part, at 10.) Those factors are: (1) petitioner’s likelihood of success on the merits; (2) whether petitioners will suffer an irreparable injury in the absence of provisional relief; and (3) whether a balancing of the equities falls in favor of petitioners.
As with any proceeding involving prison regulations, this court is guided by the wise counsel of the United States Supreme Court. "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.” (Turner v Safley, 482 US 78, 84-85 [1987]; see also, Procunier v Martinez, 416 US 396 [1974].)
Petitioners assert that they are being denied equal protection of the law as the policy impacts on them as members of that portion of the cigarette-smoking public which is incarcerated in the Westchester County Jail and has no impact on the cigarette-smoking population in general.
Setting aside for the moment the fact that petitioners are all incarcerated under lawful mandates and there exist innumerable lawful differences between their treatment and the treatment of the public at large, the court will consider the likelihood of petitioners’ success on the merits of the equal protection claim.
*779 The right to equal protection of the law survives incarceration. (Matter of Doe v Coughlin, 71 NY2d 48 [1987]; Turner v Safley, supra.) However, prisoners as a class are not subjects of a suspect classification, nor is there a fundamental right of prisoners to smoke cigarettes any more than there is a right to consume alcohol. Absent the creation of a suspect classification or the involvement of fundamental rights, equal protection requires only that the rule rationally further some legitimate articulated State purpose. (Matter of Doe v Coughlin, supra; Maresca v Cuomo, 64 NY2d 242 [1984]; Matter of Allen v Howe, 84 NY2d 665; Matter of Crawford v Perales, 205 AD2d 307 [1st Dept 1994].)
In response to the application for a stay, respondents assert the no-smoking policy is related to the objective of protecting individuals from the ills of smoking and exposure to secondhand smoke. Petitioners have failed to show a likelihood of success on the merits of their equal protection claim. Petitioners’ arguments premised on the definition of "public” and whether they are rightfully included in that group are without merit.
Petitioners assert that the inclusion of outdoor areas in the ban makes respondents’ actions arbitrary and capricious as overly broad. Respondents assert the total prohibition is a rational application of limited personnel resources; that a modified policy allowing smoking outdoors would require greater supervision by corrections staff. As previously stated, the proper administration of jails is best left to those whose duty it is to run our correction facilities. This court may not substitute its judgment for the judgment of the corrections officials. Petitioners have failed to show a likelihood of success on the merits of their claim that respondents’ actions are arbitrary and capricious.
Petitioners undoubtedly will suffer some physical discomfort from the sudden withdrawal from a nicotine habit. There is no indication that proper medical attention would be withheld from anyone in need of such attention. While the policy results in some "harm” to petitioners that harm would not be irreparable if the requests for a stay are denied.
The equities do not balance in petitioners’ favor. Respondents have advanced the aim of improving the health of inmates and staff alike through the implementation of a policy in a safe and efficient manner. Society may also derive an incidental benefit of the deterrent factor of a "harsher” jail environment. Balanced against those interests are petitioners’ desires to *780 satisfy a personal pleasure, the experience of which in most cases has become an addiction.
Petitioners’ applications for injunctive relief, which this court has treated as applications for a stay pursuant to CPLR 7805, are denied. There is no basis for a stay. Absent a determination by respondents to modify or suspend the policy, the no-smoking policy at the Westchester County Jail shall remain in effect pending further order of this court.